## MISSION MARBLE WORKS v. ROBINSON TILE & MARBLE CO.

Circuit Court of Appeals, Ninth Circuit. June 27, 1927.

No. 5037.

1. Appeal and error ☞1008(2)—Findings of fact, dependent on conflicting testimony, are not reviewable, where jury was waived.

Where a jury was waived and cause is tried before court, there can be no review of findings of fact dependent on conflicting testimony.

2. Appeal and error ☞850(2)—Party waiving jury in writing and desiring to raise question of law should request special findings and reserve separate exceptions to unsatisfactory findings of fact or conclusions of law.

When party waives jury by written stipulation in trial court, and wishes to raise question of law on merits in court above, he should request special findings of fact by court and reserve exceptions thereto, if he deems them not to be sustained by any evidence, and, if he wishes to except to conclusions of law drawn from facts found, he should have them separately stated and excepted to.

**3. Pleading ⊂⊃142—Counterclaim to action on building subcontract, not alleging damage from delay in furnishing material, held insufficient.**

Where counterclaim in action to recover on subcontract for building materials did not allege that owner suffered damage by reason of delay in furnishing material, it was insufficient to sustain counterclaim for damages.

**4. Damages ⊂⊃122—Ordinarily damage for delay in constructing building is measured by rental value.**

Ordinarily damage for delay in constructing a building is measured by its rental value for period of that delay.

**5. Damages ⊂⊃189—Evidence held insufficient to sustain counterclaim for damages for delay in furnishing materials under building subcontract.**

In action to recover on building subcontract whereby plaintiff was to furnish certain materials to be installed in building, proof of damages suffered by owner through plaintiff's delay in furnishing materials *held* insufficient to sustain counterclaim for damages therefor.

**6. Damages ⊂⊃184—Damages must be definitely proved.**

Proof of damages must be reasonably definite and certain.

**7. Indemnity ⊂⊃11—Indemnitee must prove actual payment, to recover from indemnitor.**

An indemnitee, to recover from indemnitor, must prove actual payment, or that which the law considers the equivalent of actual payment; a mere liability to pay not being sufficient.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Edward E. Cushman, Judge.

Action by the Mission Marble Works against the Robinson Tile & Marble Company, wherein defendant counterclaimed. Judgment for defendant, and plaintiff brings error. Reversed and remanded for a new trial.

The plaintiff in error was the plaintiff below in an action to recover from the defendant $7,290.32 upon a building subcontract of date January 25, 1924, by the terms of which the plaintiff was to furnish certain marble to be installed by the defendant in a bank building, for which the defendant was to receive the sum of $60,101, of which by the subcontract the plaintiff was to receive $46,000. The complaint alleged that the plaintiff furnished all the marble required under the contract, and that there was due and unpaid therefor the sum of $6,000, and that it furnished additional material and rendered additional labor of the reasonable value of $1,371.56.

The defendant in its answer set up counterclaims to an amount equal to that which was demanded by the plaintiff; the principal counterclaim being that a portion of the marble furnished by the plaintiff was defective in color and otherwise and was not accepted or approved by the architect, and that by reason thereof and the plaintiff's failure to furnish marble in time to enable the defendant to faithfully and promptly fulfill its contract with the bank, the final completion of the bank building was delayed until February 28, 1925, and that the architect refused to approve the final payment of $6,000 due the defendant on its contract until said defective marble should be replaced and the bank's damages for delay paid, and the defendant demanded judgment that the plaintiff take nothing by the action. The allegations of the counterclaim were denied by the plaintiff's reply.

By written stipulation a jury was waived and the case was tried to the court. The plaintiff tendered to the court findings of fact which it requested on the material issues involved. The court found as facts that the plaintiff furnished extra marble and material of the value of $657.92, that there was a balance due and unpaid upon its contract and extras in the sum of $6,576.68, that the plaintiff failed to furnish marble according to its contract and greatly delayed the defendant in performing its contract, that a portion of the marble was defective and not according to the contract, that the defendant was entitled to a counterclaim for damages caused by delay in furnishing the marble according to contract in the sum of $4,500, for defects in marble $2,500, for extra work and labor, etc., $170, for wooden hand balustrade $25, making a total of $7,195, and the court adjudged that the defendant recover from the plaintiff $618.32, with interest and costs.

George Clark Sargent, of San Francisco, Cal., and Grosscup & Morrow, Chas. A. Wallace, and J. O. Davies, all of Seattle, Wash., for plaintiff in error.

H. A. P. Myers, of Seattle, Wash., for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1, 2] Error is assigned to certain of the findings of fact and the refusal of the trial court to make certain findings as requested by the plaintiff. The defendant denies the power of this court to review the findings of fact, and contends that where by a written stipulation a jury is waived and the cause is tried before the court

the only matters subject to review in an appellate court are the rulings upon the admission of evidence.

It is true that in such a case there can be no review of findings of fact which depend upon conflicting testimony. But the rule of practice applicable here is stated by Judge Taft in Humphreys v. Third Nat. Bank (C. C. A.) 75 F. 852, as follows: "When a party in the Circuit Court waives a jury, and agrees to submit his case to the court, it must be done in writing; and if he wishes to raise any question of law upon the merits in the court above he should request special findings of fact by the court, framed like a special verdict of a jury, and then reserve his exceptions to those special findings, if he deems them not to be sustained by any evidence; and if he wishes to except to the conclusions of law drawn by the court from the facts found he should have them separately stated and excepted to. In this way, and in this way only, is it possible for him to review completely the action of the court below upon the merits."

What was there said was reaffirmed in Fleischmann Co. v. United States, 270 U. S. 349, 356, 46 S. Ct. 284, 70 L. Ed. 624. The plaintiff in the instant case complied with the rule thus declared, and he thus brings for review findings of fact which he contends are unsustained by evidence.

We are not convinced that the trial court was in error in holding that the three-months provision of the plaintiff's contract for the installation of the marble began to run from the date of the first delivery of marble, which was April 26, 1926. We think that the contractual provisions are susceptible of that construction, especially in view of the interpretation placed thereon in the dealings and correspondence between the plaintiff and the defendant concerning the plaintiff's alleged delay in performing its contract.

[3, 4] We are of the opinion that there was lack of requisite pleading and proof to sustain the defendant's counterclaim for damages. The counterclaim contains no allegation that the bank suffered damage by reason of the plaintiff's delay in furnishing marble. It alleged only that the architect refused to approve the final payment of $6,000 due the defendant on its contract with the bank until the defective marble was replaced and the bank's damages for delay were paid. There was no evidence that the bank claimed damages for delay in construction.

Ordinarily the damage for delay in constructing a building is measured by its rental value for the period of that delay. 9 C. J.

790; 3 Sutherland Damages (4th Ed.) § 703; Hutchinson Mfg. Co. v. Pinch, 91 Mich. 156, 160, 51 N. W. 930, 30 Am. St. Rep. 463. "Where a builder delays the construction of a building, and the owner is thereby compelled to continue his occupancy of, and to pay rentals for, leased premises, the amount of such payments may well constitute the real injury arising from the breach of contract, and, if so, they would be properly recoverable. If it be shown that the continued occupancy of the leased premises resulted in savings to the defendants in the expenses of operating their business, such savings should be offset." Mazzotta v. Bornstein, 104 Conn. 430, 133 A. 677.

The architect estimated the damages through defective marble to be $2,500, and the damage through delay to be $4,500; the latter representing rent incurred by the bank for one month beyond the stipulated period of construction. But there was no evidence that the bank paid rent for quarters during that period, and no evidence of the rental value of the banking building per month. It is true that the opinion of the trial court mentions as an item of the damages which the bank sustained while being kept out of its rooms the injury resulting from conducting its business in unfinished quarters where workmen were still engaged.

[5-7] But there was no proof of any such damage, and no pleading to sustain it. In brief, there is no proof of damages suffered by the bank through delay, and the counterclaim therefor rests upon the architect's bare statement that, of the $6,000 which he withheld from the defendant, $4,500 was for the delay in the completion of the building. It is well settled that proof of damages must be reasonably definite and certain. The contract between the bank and the defendant did not vest power in the architect to determine any question of damages to the bank for delay or to withhold payment on account thereof. The architect's authority was limited to computing the amounts payable in installment in each month, the remainder to be paid upon his certificate that the work was satisfactorily completed and a showing that all bills and claims had been paid.

The evidence as to the defect in the marble was in the main that it failed to conform in color to the contract sample. By an agreement between the supervising architect and the defendant it was installed in the building, with an understanding that the defendant was later to take it out and put in the other corresponding with the sample. The supervising architect, on consulting with his as-

sistant, computed the cost of replacing and correcting all defects at $2,500. They testified that they were not attempting to assess the damages to the bank, nor the cost of restoring the defective marble, but were estimating a sum which should be withheld from the defendant until the defects were corrected.

Although an officer of the bank was called as a witness for the defendant, he did not testify, nor was any evidence offered on behalf of the bank, that the bank considered the marble defective, or was dissatisfied with the marble as installed. It is to be borne in mind that the bank is not a party to the present action, and that there has been no settlement of the question of damages between the defendant and the bank. Indeed, it is not established that the bank will ever claim damages as against the defendant. The whole subject-matter here in litigation is the contract between the plaintiff and the defendant and the latter's counterclaim for damages. The defendant can claim damages against the plaintiff only on the theory that it has paid, or will be compelled to pay, damages to the bank. Its relation to the litigation is analogous to that of an indemnitee under a contract of indemnity. An indemnitee "must prove actual payment, or that which the law considers the equivalent of actual payment; a mere liability to pay not being sufficient." 14 R. C. L. 56.

The judgment is reversed, and the cause is remanded for a new trial.