## DOBBINS v. UNITED STATES.

No. 6288.

Circuit Court of Appeals, Ninth Circuit.

Feb. 24, 1931.

Joseph S. Campbell, of San Diego, Cal., for appellant.

Samuel W. McNabb, U. S. Atty., and Ignatius F. Parker, Asst. U. S. Atty., and H. C. Veit, Regional Atty., U. S. Veterans' Bureau, all of Los Angeles, Cal., for the United States.

Before RUDKIN, WILBUR, and SAWTELLE, Circuit Judges.

WILBUR, Circuit Judge.

This action is brought by the appellee to recover $1,068.55 theretofore erroneously paid to appellant upon the assumption that her husband, Frederick Zahn, a member of the Fleet Naval Reserve, who died April 21, 1919, at the United States Naval Hospital at Ft. Lyons, Colo., was insured by war risk insurance. The contention of the government was that Frederick Zahn was not in the active service and consequently was not insured by the government at the time of his death. The appellant filed a counterclaim, or cross-complaint, wherein she alleged that her deceased husband had been issued a war risk insurance policy for $10,000 and that by reason of his death she was entitled to collect the balance of the insurance in installments as therein provided. Upon the trial the government withdrew its claim against

the appellant in pursuance of the authority vested in the Director of the United States Veterans Bureau (38 USCA § 453) and waived the recovery of the payments theretofore made by the government to the appellant. A jury was waived by written stipulation of the parties, and the trial court filed findings of fact wherein it was found, among other things, that the decedent was not in active service under the War or Navy Department and he was therefore not entitled to war risk insurance. 40 Stat. 398, 409, § 400. In view of the fact that there was no motion for judgment for the defendant after submission of the case, that no special findings were requested by her and no exception was entered to the findings, that finding is not subject to attack on appeal. Law v. U. S., 266 U. S. 494, 45 S. Ct. 175, 69 L. Ed. 401; Mission Marble Works v. Tile & Marble Co. (C. C. A.) 20 F.(2d) 14. Notwithstanding this rule we have examined the evidence adduced before the trial court. It appears that the decedent served in the Navy for sixteen years beginning in 1900; on January 22, 1917, he was transferred to the Fleet Naval Reserve; that on April 7, 1917, he was ordered to report to the Brooklyn Naval Hospital for mobilization; that he was examined at that time and found to be unfit for active duty; he was ordered to the United States Naval Hospital at Ft. Lyons, Colo., for treatment and remained in that hospital until he died, May 28, 1918; that during that entire period he was unfit for service. Appellant bases her claim partly on the fact that in a preliminary order with relation to mobilization it was stated that those who were found to be unfit would be ordered home. It was therefore argued that because the decedent was ordered to a naval hospital he was in the active service of the United States. This is insufficient to justify such a conclusion, and the finding of the trial court is correct.

Appellant relies upon 38 USCA §§ 448, 449, 592, 612, 615, and § 518, as amended July 3, 1930 (38 USCA § 518). None of these sections apply to a member of the Fleet Naval Reserve whose only obligation is to answer a call to active duty. Section 518 is a provision of the law with relation to the incontestability of contracts or policies of insurance issued by the government. This has no application to the decedent for the reason that he never had a policy or contract of insurance. Such contracts and policies were only intended for those in active service. 40 Stat. 409, § 400, supra.

Judgment affirmed.