## UNITED STATES v. GORDIN (two cases).

(Circuit Court of Appeals, Sixth Circuit. December 2, 1925.)

Nos. 4365, 4366.

Appeal and error ⬅850(2)—Judgment on general finding not reviewable on facts and law.

Where, in action at law, jury is waived, and the court makes a general finding for plaintiff, reviewing court may not inquire into the facts and conclusions of law on which trial court's judgment for nominal damages rests, though it was stipulated that witnesses, if called, would testify to certain facts.

Appeals from the District Court of the United States for the Western Division of the Southern District of Ohio; Smith Hickenlooper, Judge.

Two actions by the United States, one against William H. Gordin, and the other against him as administrator of Richard B. Gordin, deceased. Judgments for nominal damages, and the United States appeals; the cases being heard and submitted together. Affirmed.

See, also, 287 F. 565.

J. F. Bohannon, Asst. to Sol. Dept. of Agriculture, of Washington, D. C. (Haveth E. Mau, U. S. Atty., and Harry A. Abrams, Asst. U. S. Atty., both of Cincinnati, Ohio, on the brief), for the United States.

Chase Stewart, of Springfield, Ohio (John M. Cole, of Springfield, Ohio, on the brief), for defendant in error.

Before DONAHUE, MOORMAN, and KNAPPEN, Circuit Judges.

DONAHUE, Circuit Judge. The United States brought separate actions at law against Wm. H. Gordin and Wm. H. Gordin, administrator of the estate of Richard B. Gordin, deceased, respectively, to recover excess profits made by each of these defendants in the handling of wool of the domestic clip for the year 1918. Each of these cases involved substantially the same questions of fact and law, and it was therefore agreed by counsel that the evidence introduced should be applicable and considered by the District Court equally in both cases. These separate error proceedings were likewise heard and submitted together.

The United States relied for recovery in each case upon regulations issued by the War Industry Board on May 21, 1918, which provided for the licensing of "country dealers," who buy wool from growers for the purpose of selling to central dealers, and declared that "country dealers" should be entitled in the wool business during the year of 1918 to receive a gross profit of $1\frac{1}{2}$ cents per pound on the total season's business, this profit to cover all expenses from grower to loading wool on board cars.

The defendants by answer admitted the creation of the War Industry Board; that it adopted regulations purporting to limit the gross profits of defendants to $1\frac{1}{2}$ cents per pound; that they applied for and obtained the permits; and denied each and every other allegation of the petition. Further answering, the defendants averred that the alleged contract or agreement between the plaintiff and defendant, if any, was obtained by coercion and duress, in that defendant was informed he was required to obtain a permit and sign the alleged agreement, otherwise he would not be permitted to do any business, and that the alleged contract was without any consideration whatever.

In each of these cases the parties waived in writing a trial by jury, and the cause was submitted to the court upon the evidence. The court made no separate findings of facts and law, but found generally on the issues joined for the plaintiff in each of these cases, and entered judgment in each case in favor of the plaintiff for the sum of $1.00.

It is insisted upon the part of the United States that the trial court erred to its preju-

dice in rendering judgment for nominal damages in the sum of $1, for the reason that the judgment should have been for the full amounts asked in the petitions "as disclosed by the stipulation of facts and the documentary evidence." This question is not presented by this record. The parties having waived a jury, and the finding of the District Court being a general finding for the plaintiff, neither the evidence nor the question of law presented by it is reviewable by this court. Law v. U. S., 266 U. S. 494, 45 S. Ct. 175, 69 L. Ed. 401.

That case was decided August 5, 1925, and expressly holds that, where a jury has been waived and the court makes a general finding, it is not permissible for a court of review "to inquire into the facts and the conclusions of law on which the judgment of the lower court rests"—citing Norris v. Jackson, 9 Wall. 125, 19 L. Ed. 608; Insurance Co. v. Folsom, 18 Wall. 237, 21 L. Ed. 827; Boardman v. Toffey, 117 U. S. 271, 6 S. Ct. 734, 29 L. Ed. 898. There are many other decisions by federal courts to the same effect, but in view of the recent decision of the Supreme Court in Law v. U. S., supra, it is unnecessary to cite further authorities.

It is claimed, however, on the part of the United States, that this record contains an agreed statement of facts, and in support of this claim our attention is called to a stipulation of counsel as to what certain witnesses would testify, if they were called, sworn, and examined in open court. This was not an admission of the facts concerning which it was agreed the witnesses would testify as stipulated, but merely an agreement that these witnesses, if called and sworn, would so testify. The record in this respect is no wise different than it would be, if it appeared that these witnesses had actually testified, and no stipulation whatever had been made in reference to their testimony.

Judgment affirmed.