## MARBURY et al. v. MAY et al.

(Circuit Court of Appeals, Sixth Circuit.
December 2, 1925.)

No. 4220.

**1. Abandonment ⬅4—Failure to assert title not abandonment thereof.**

Mere failure of owner to assert a valid title will not amount to abandonment of such title, or operate to extinguish it, or estop owner to assert it.

**2. Adverse possession ⬅71(1)—Color of title, not conferred by decree conveying only right, title, and interest of parties, or by will referring thereto.**

To confer color of title, paper relied on must convey estate in fee, and decree purporting to convey only right and title of adverse parties, and will referring to such decree, *held* insufficient showing of color of title to support claim of adverse possession.

**3. Adverse possession ⬅57—Evidence held insufficient to show adverse claim under color of title by defendant for seven years.**

In action of ejectment, evidence *held* insufficient to show that there had been adverse claim by defendant to property in question under color of title for a period of seven years, within meaning of Thomp.-Shan. Code Tenn. §§ 4454, 4456-4458.

In Error to the District Court of the United States for the Middle District of Tennessee; John J. Gore, Judge.

Ejectment by Benjamin Marbury and others against William T. May and others. Judgment for defendants, and plaintiffs bring error. Judgment reversed.

A. H. Roberts, of Nashville, Tenn. (R. W. Milner, of Manchester, Tenn., and Roberts & Cooper, of Nashville, Tenn., on the brief), for plaintiffs in error.

J. L. Ewell, of Manchester, Tenn., and Joseph Higgins, of Nashville, Tenn., for defendants in error.

Before DONAHUE, MOORMAN, and KNAPPEN, Circuit Judges.

MOORMAN, Circuit Judge. This suit in ejectment was filed by plaintiffs in error, who alleged in their declaration that they were the owners in fee and entitled to the immediate possession of two tracts of land, one of which was claimed and occupied by William T. May, and the other by William H. and Charles Acker. Defendants controverted the claims of plaintiffs, and alleged ownership of the tracts described in their respective answers under pleas of adverse possession for more than seven years next before the institution of the suit.

The trial court concluded from the evidence, as stated in its opinion, that Charles Ready, through whom defendants claim, had "had actual, open, notorious, continuous, adverse, and uninterrupted possession" of the land "for more than seven years under a title purporting to convey an estate in fee (not counting the period between May 6, 1861, to January 1, 1867; Code, § 4454), and claimed the fee-simple title to it from 1857 until his death in 1878"; that, "if the title to the land was ever in Phillip Marbury, the defendants by their general warranty deeds and mesne conveyances have acquired a good and indefeasible title under section 4456 (Thompson-Shannon's Code of Tennessee), and that plaintiffs are now barred to prosecute this suit under sections 4457 and 4458 of said Code"; also that plaintiffs and their predecessors had been guilty of such laches as amounted to an abandonment of their claim, and for that reason were not in position to invoke the aid of the courts in enforcing it.

The first question argued here relates to the permissible scope of review under the general finding of the lower court. Without discussing the question, but assuming that there are available to the parties on review —notwithstanding the subsequent proceedings—only such rights as accrued on their respective requests for a directed verdict at the conclusion of the evidence, we proceed to consider whether there is substantial evidence in the record on which the court could have properly found facts sufficient to support the judgment. Anderson v. Messenger (C. C. A. 6) 158 F. 252, 85 C. C. A. 468; American National Bank v. Miller (C. C. A. 6), 185 F. 338, 107 C. C. A. 456.

Plaintiffs derived their claim of title from a grant of January 7, 1837, of 5,000 acres from the state of Tennessee to Phillip Marbury, of whom they are the sole heirs. There was introduced in evidence a state grant of 5,000 acres to Jonathan Webster of December 13, 1837, made pursuant to an entry of September 9, 1831. Defendants attempted to show chain of title to this grant. Upon the assumption that they succeeded, counsel have argued the question as to whether the entry of September 9, 1831, was special or general, conceding that, if special, the grant must be regarded as having been made as of the date of entry, and is superior to the grant of January 7, 1837. Southern Coal & Iron Co. v. Schwoon, 145 Tenn. 191, 239 S. W. 398. The trial court held the entry was not special, and on similar, though not the same, evidence a like

decision was rendered by the Supreme Court of Tennessee in a memorandum opinion of April 14, 1925, in Chesterton Cooperage Lumber Co. v. J. G. Marbury. We concur in that view. This leaves for our consideration the inquiry as to whether there is substantial evidence in the record supporting the judgment, on the ground that defendants or their predecessors under recorded color of title—either the Webster grant, or some other like efficacious assurance—held the land adversely for seven years prior to the institution of this proceeding.

[1, 2] Before proceeding to an examination of this question, however, it should be observed that there is no ground for the contention that plaintiffs abandoned their title, as it is well settled that failure to assert a valid title does not amount to an abandonment or operate to extinguish it. Coal Co. v. Wiggin (C. C. A. 6), 68 F. 446, 15 C. C. A. 510. Nor is the doctrine of equitable estoppel, as announced in Currens v. Lauderdale, 118 Tenn. 496, 101 S. W. 431, and other cases cited by counsel, applicable. Hence defendants' claims, if sustained, must rest on title acquired by adverse possession, to prove which it was necessary for them to show that they had held the land for seven years under color of title. They claim that the requisite color exists in the decree of the chancery court in Ready v. Blanton of February 15, 1858, as well as the will of Charles Ready. The decree purported to convey only the right, title, and interest of Shanklin and Blanton. The trial court thought it was assurance of title. But the Supreme Court of Tennessee, in the Cooperage Lumber Company Case supra, decided differently, holding on established authority that, to confer color of title, it is necessary that the paper under which the claim is made purport to convey an estate in fee. For the same reason the will was not an assurance of title, for it referred to the decree as showing the interest devised by the testator. We do not, therefore, find it necessary to discuss the evidence relating to the possession of the land from 1858 until Charles Ready's death, as whatever possession Ready had during that time was not supported by color of title, and could not effect a transfer of title from the legal holders thereof.

[3] The evidence introduced by defendants related largely to a claim of possession from 1866 to 1878, during which time, as we have seen, there was no color of title in Ready. The first assurance of title with which May's claim is connected seems to be a deed from the Big Ben Cooperage Company to Walker of July 15, 1907. That deed purported to convey the fee and contained no exclusions. The Ackers' claim extends further back. May acquired his claim in 1916 and the Ackers purchased theirs many years before. The record is almost devoid of evidence as to the extent and character of the possession of defendants and their immediate predecessors. Certainly there is no substantial evidence that they have held the land adversely under color of title for seven years. If upon another trial they show possession for the requisite period under paper title purporting to convey the fee, they will, of course, be entitled to a judgment.

Judgment reversed.