**OYLER et al. v. CLEVELAND, C. C. & ST. L. RY. CO.**

(Circuit Court of Appeals, Sixth Circuit. December 17, 1926.)

No. 4607.

**1. Appeal and error** ⊜═209(1)—**Question whether there was any evidence to support judgment held not reviewable, where not presented to trial court (Rev. St. § 700 [Comp. St. § 1668]).**

Where defendant, in railroad's action to collect special tariff, tried by court without jury, under Rev. St. § 649 (Comp. St. § 1587), did not present to trial court any question of law as to whether there was any evidence to support judgment for plaintiff, *held,* such question was not reviewable by Circuit Court of Appeals, under section 700 (Comp. St. § 1668).

**2. Appeal and error** ⊜═850(2)—**Question of exclusive preliminary jurisdiction of Interstate Commerce Commission held reviewable, where presented by bill of exceptions (Rev. St. § 700 [Comp. St. § 1587]).**

In railroad's action to collect special tariff, tried without jury, question of exclusive preliminary jurisdiction of Interstate Commerce Commission *held* reviewable on error, under Rev. St. § 700 (Comp. St. § 1587) where question was raised by bill of exceptions containing all the evidence, though there was no special finding.

**3. Commerce** ⊜═89—**Interstate Commerce Commission held not to have exclusive preliminary jurisdiction of suit to collect special tariff.**

In railroad's action to collect special tariff charge, Interstate Commerce Commission *held* not to have exclusive preliminary jurisdiction, precluding jurisdiction of court.

In Error to the District Court of the United States for the Western Division of the Southern District of Ohio; Benson W. Hough, Judge.

Action by the Cleveland, Cincinnati, Chicago & St. Louis Railway Company against Charles C. Oyler and others. Judgment for plaintiff, and defendants bring error. Affirmed.

Robt. C. Porter, of Cincinnati, Ohio (Hightower, O'Brien & Porter, of Cincinnati, Ohio, on the brief), for plaintiffs in error.

Harmon, Colston, Goldsmith & Hoadly, of Cincinnati, Ohio, for defendant in error.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

PER CURIAM. In this case the question is whether the railroad rightfully made the special tariff charge, to collect which this suit was brought. There was a trial by the court without a jury, pursuant to R. S. § 649 (C. S. § 1587), and a judgment for plaintiff; defendant duly settled a bill of exceptions, which "contains all the evidence," and seeks review. There were no special findings.

In a review of the practice under this statute, we have held (City of Cleveland v. Walsh Co., 279 F. 57, 61) that the question whether there was any evidence to support a judgment for the plaintiff may be so presented by the record as to show that it raised a question of law, disposed of by a ruling of the court during the progress of the trial, and thus, if excepted to at the time, reviewable by this court under R. S. § 700 (C. S. § 1668). We did not undertake to specify the particular method by which this result could be accomplished. It is not necessary now to consider whether we should regard Law v.

United States, 266 U. S. 494, 45 S. Ct. 175, 69 L. Ed. 401, and Fleischmann Co. v. United States, 270 U. S. 349, 356, 46 S. Ct. 284, 70 L. Ed. 624, as inconsistent with this conclusion.

In the Law Case it is shown by the C. C. A. report, 299 F. 61, that defendant at the end of the trial made a "motion for judgment." It did not appear that this motion arose on any question of law, as distinguished from inferences which the court might draw, as to the ultimate fact of total disability. The case was therefore necessarily classifiable with those which it cites, and the others cited in the Fleischmann Case, where it did not appear that review was sought as to any ruling upon a question of law made during the progress of the trial. It is to be noticed that in Insurance Co. v. Folsom, 18 Wall. 237, 251, 21 L. Ed. 827, cited in the Law opinion, there is an express ruling that a motion for judgment, made at the close of plaintiff's proofs and on the ground that they showed nothing to support a judgment for plaintiff, does, by analogy to a motion for a directed verdict in a jury trial, present a ruling upon a question of law, which is reviewable by the appellate court, upon a record showing this situation.

[1] The present case is precisely analogous to the Law Case. Neither at the close of the plaintiff's evidence nor at the close of all the proofs did the defendant present to the trial court (so far as the record shows) any question of law, nor did the court make any ruling thereon, save so far as such questions may lurk in the general judgment announced for the plaintiff. It is clear that the general question, whether there is any evidence to support the judgment in this case, is not open in this court.

As long ago as in Humphreys v. Bank, 75 F. 852, 855, Judge Taft (then presiding in this court, now Chief Justice) took occasion especially to direct the attention of counsel to the severe rule of the federal appellate courts in this respect, and pointed out in detail the practice which must be followed in order that counsel may be sure of getting the review which they seek. Since it is evident that the practice in this respect is still not always known to counsel, and since the delay and expense of a hopeless effort to get a review are unfortunate, we suggest that trial judges may properly bring these strict requirements to the attention of counsel who are planning for review.

The alleged errors in the admission of evidence are open for our consideration; but we find no substantial error therein.

[2, 3] The claim of exclusive preliminary jurisdiction in the Interstate Commerce Commission is also open; but we regard it as settled in favor of the court jurisdiction by Great Northern Railway v. Merchants' Co., 259 U. S. 285, 42 S. Ct. 477, 66 L. Ed. 943. See Turner, etc., Co. v. Chicago, etc., Co., 271 U. S. 259, 46 S. Ct. 530, 70 L. Ed. ——.

The judgment is affirmed.