GLOBE & RUTGERS FIRE INS. CO. v. STORER.

Circuit Court of Appeals, Sixth Circuit.
February 13, 1928.

No. 4915.

1. Appeal and error ⬤846(5)—Where pleadings warranted judgment, appellate court could not, in absence of findings of fact, review facts and law conclusions, on which judgment was based.

Where action at law was tried by court, and in his opinion conclusions as to facts were stated, but no findings of fact were made or requested, and the pleadings, if supported by evidence, warranted judgment, Circuit Court of Appeals could not, in absence of finding of facts, inquire into facts and conclusions of law on which judgment was based.

2. Insurance ⬤92—Evidence regarding other policies issued through agents claimed to have approved sale of insured boat, alleged to have invalidated policy, held admissible to show authority.

In action on insurance policy, in which defendant claimed policy was void because of sale and transfer of insured property, a yacht, without consent in writing, evidence relating to policy issued by defendant to plaintiff on boat in October, 1924, and issuance of other insurance by defendant prior to and after loss in question, in which defendant acted through agents claimed by plaintiff to have authorized and approved sale and transfer of insured boat, held admissible as tending to show authority of agents.

In Error to the District Court of the United States for the Western Division of the Northern District of Ohio; John M. Killits, Judge.

Action by George B. Storer, Jr., against the Globe & Rutgers Fire Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

John S. Pratt, of Toledo, Ohio (Chas. A. Sciders, of Toledo, Ohio, on the brief), for plaintiff in error.

Roscoe W. Shumaker, of Toledo, Ohio (Fraser, Hiett, Wall & Effler, of Toledo, Ohio, on the brief), for defendant in error.

Before DENISON and MOORMAN, Circuit Judges, and TUTTLE, District Judge.

PER CURIAM. This was an action at law on an insurance policy issued to M. Lewis Brown, and alleged to have been assigned and transferred to the plaintiff, George B. Storer. Answer was filed, alleging that under a clause in the policy it had become void because of the sale and transfer of the insured property, a yacht, without the previous consent in writing of the defendant. Plaintiff pleaded, in avoidance of this defense, consent to the sale by the authorized agents of the defend-

ant, as well as other acts performed by the defendant amounting to waiver of the written consent. On the pleadings as thus made up there were issues of fact to be determined. These were submitted to the court under a written waiver of jury. In an opinion filed by the court, certain conclusions as to the facts were stated (see Fleischmann Construction Co. v. U. S., 270 U. S. 349, 355, 46 S. Ct. 284, 70 L. Ed. 624); but no findings of fact were made or requested.

[1] The pleadings, if supported by evidence, warranted the judgment; and we cannot, in the absence of a finding of facts, inquire into the facts and conclusions of law on which the judgment was based. Law v. United States, 266 U. S. 494, 45 S. Ct. 175, 69 L. Ed. 401; United States v. Gordin (6 C. C. A.) 9 F.(2d) 394; Oyler v. Cleveland, etc., Co. (6 C. C. A.) 16 F.(2d) 455.

[2] The other assignments of error present questions of the admissibility of evidence relating to a policy issued by defendant to plaintiff on the boat in October, 1924, and to the issuance of other insurance by the defendant prior to and after the loss in question, in which the defendant acted through the agents claimed by plaintiff to have authorized and approved the sale and transfer of the boat. This evidence was clearly admissible, as tending to show the authority of those agents.

The judgment is affirmed.