## COMBS et al. v. EUBANK.

### EUBANK v. COMBS et al.

Circuit Court of Appeals, Eighth Circuit.
October 5, 1928.

Nos. 8024, 8025.

Joseph R. Brown, of Ft. Smith, Ark., for plaintiff in error.

W. N. Ivie, of Ft. Smith, Ark., for defendants in error.

Before KENYON, Circuit Judge, and SYMES and MARTINEAU, District Judges.

KENYON, Circuit Judge. These appeals are from a decision of the District Court of the United States for the Western District of Arkansas in a case brought by J. D. Eubank against J. S. Combs and W. L. Combs, abstracters, for damages in the sum of $4,000 claimed to have arisen by virtue of the failure of Combs & Combs to show on an abstract of title prepared by them for said Eubank and relied on by him in the purchase of certain property, a lien against the same for taxes, which later was enforced by a tax sale, resulting in the loss of the property. A jury was waived by written stipulation and the cause tried to the court, which found generally in favor of Eubank, but permitted recovery only for the value of the land lost on account of the error in the certificate of the abstracters, and did not allow Eubank what he claimed was the value of the property traded for said land. From the decision of the court holding Combs & Combs jointly and severally responsible in damages, they appeal. From the decision awarding Eubank $480, instead of the $4,000 claimed in the petition, he appeals.

Briefly the facts are: Eubank, who was plaintiff in the trial court and who for convenience will be so designated here, was owner of an equity in certain real estate in Kansas City. He entered into an arrangement with one Grant, who was the owner of 160 acres of land in Madison county, Arkansas, by which Grant was to transfer to him the said land and pay $600 cash for plaintiff's interest in the Kansas City real estate. Plaintiff had his agent, o. e Ludwig, deceased at the time of the trial, send to Combs & Combs (whom we will hereinafter designate as defendants) a partial abstract of the Madison county land, which Grant delivered to him, with instructions to bring the same down to date. Defendants did so, and returned it to Ludwig. The following appears in the certificate to the abstract so furnished:

"We, Combs & Combs, Abstracters, do hereby certify that we have carefully examined the Deed and Mortgage Records of Madison County and find no conveyances affecting the land described on sheet No. 1 of this abstract except as shown from sheets No. 2 to No. 9 inclusive.

"We certify that we have examined the Judgment Docket, the Mechanics' Lien Record and the Record of Lis Pendens, and find no judgments, liens or suits affecting the title to said land; that there are no liens against said land for taxes as shown by the records of delinquent lands for said county.

"Done this 10th day of May, 1918.

"Since Feb. 2, 1914.

"Combs & Combs, Abstracters,
"By A. G. Combs."

When the abstract was returned to plaintiff's agent with the certificate above set out, and after it was examined by plaintiff, the deed to Grant for his Kansas City property, which had been placed in escrow at the time of the contract, was delivered by the agent to Grant; he receiving from Grant the sum of $600 and deed to the Madison county, Arkansas, property, which deed was made at plaintiff's request to Virginia H. Duncan, his stenographer. On April 27, 1918, she made deed of the same to Brent F. Eubank, his wife, in whose name the title remained until March 28, 1925, when she deeded the land to plaintiff.

In 1919 plaintiff discovered, when he attempted to pay the taxes on the Madison county land, that the same had been sold for taxes to one Nunnely. He immediately notified defendants of the situation, and considerable correspondence ensued over a space of years. We will burden this opinion with only a part thereof. The following is one of the important letters:

"Huntsville, Ark., Nov. 12, 1920.
"Mr. J. D. Eubank, Henryetta, Okl.

"Dear Sir: In regard to the matter of the land belonging to you in this county, described as follows: The S½ of the NE¼ and E½ of the SE¼ Sec. 27, Twp. 18 N. R. 25 West, for which we made abstract and in which the matter of a tax sale was overlooked, beg to advise that Mr. Nunnely does not live here now, but as soon as we can get

hold of him we will try to get the matter settled up. We may have to bring suit to cancel his title, but we will do so if necessary. We always back up our certificate, and this being an oversight on one of the employés of the office, we are responsible for the error, and we will take care of the matter for you. Do not get in too much of a rush, as we may have to file suit.

"Yours truly, Combs & Combs."

On November 23, 1923, defendants wrote the plaintiff:

"Huntsville, Arkansas,
"November 23, 1923.

"Mr. James D. Eubanks, Shreveport, La.

"Dear Sir: Mr. Nunnely has returned, and just as soon as he recovers a little more, and gets in shape to do business we will see him and procure quitclaim deed to the Virginia A. Duncan land.

"Yours very truly, Combs & Combs."

The matter not having been cleared up by defendants, plaintiff, about June 15, 1924, placed the same in the hands of Mr. Brown, a lawyer of Ft. Smith, Ark. He wrote defendants with reference thereto and received the following reply:

"Huntsville, Arkansas, June 30, 1924.
"Joseph R. Brown, Atty. at Law, Fort Smith, Arkansas.

"Dear Sir: Yours of the 27th inst. in regard to straightening title to the S½ of the NE¼ and the E½ of the SE¼ Sec. 27, Twp. 18 N. R. 25 West, containing 160 acres of J. D. Eubanks, due to Tax Sale overlooked by a previous member of the firm, and in reply beg to advise that we have had some trouble trying to straighten this matter. Mr. Nunnely, the purchaser of the land at the tax sale was stricken with cancer of the stomach, and went to Mayo's and we were unable to get in touch with him regarding same, and when he returned home was unable to transact business, and eventually died. Since his death we have been unable to get this in shape to obtain quitclaim deed until the last few days and our senior member, Mr. J. S. Combs, has this day gone to Fayetteville on this and other business, and we will straighten the title within the next few days.

"Yours very truly, Combs & Combs."

Thus the matter stood when the case was brought.

■ Defendants filed demurrer to plaintiff's complaint on grounds hereinafter set forth, which was overruled. Answer was filed and a trial was had. Judgment was entered as hereinbefore stated. Plaintiffs in error, Combs & Combs, have filed 23 assignments of error. Eubank on his writ of error filed 1, which relates solely to the question of the measure of damages. Most of the assignments of error on the part of defendants raise legal questions in no way preserved in the record for the consideration of the appellate court. We are limited in our consideration of these writs by the status created by the written stipulation waiving a jury. No requests for findings of fact or conclusions of law were made in the trial court, and the court made special and general findings of fact and entered judgment. No exceptions were taken or objections made to the findings or conclusions of the court.

■ Defendants raise on this appeal such questions as the statute of limitations; lack of privity of contract between plaintiff and defendants; that W. L. Combs was not a member of the firm of Combs & Combs; that both defendants were not liable to plaintiff; and alleged errors of the court in findings of fact and declarations of law. It is apparent that almost all of these questions relate to matters of fact found by the court, or conclusions of law necessarily inherent in the court's general finding, and, as defendants requested no special findings of fact or conclusions of law, we are foreclosed from considering them. This court said in Wear v. Imperial Co. (C. C. A.) 224 F. 60, 63, "When an action at law is tried without a jury by a federal court, and it makes a general finding, or a special finding of facts, the act of Congress forbids a reversal by the appellate court of that finding, or the judgment thereon, 'for any error of fact' (Revised Statutes, § 1011 [U. S. Comp. Stat. 1913, § 1672, p. 700; 28 USCA § 879]) and a finding of fact contrary to the weight of the evidence is an error of fact. The question of law whether or not there was any substantial evidence to sustain any such finding is reviewable, as in a trial by jury, only when a request or a motion is made, denied, and excepted to, or some other like action is taken which fairly presents that question to the trial court and secures its ruling thereon during the trial."

We quote also from Fleischmann Co. v. United States, 270 U. S. 349, 355–356, 46 S. Ct. 284, 288, 70 L. Ed. 624, as follows: "To obtain a review by an appellate court of the conclusions of law a party must either obtain from the trial court special findings which raise the legal propositions, or present the propositions of law to the court and obtain a ruling on them." Highway Trailer Co. v. City of Des Moines, Iowa (C. C. A.) 298 F. 71; Hirning v. Livestock Nat. Bank

462

(C. C. A.) 1 F.(2d) 307; Allen v. Cartan & Jeffrey Co. (C. C. A.) 7 F.(2d) 21; Boak v. Robie (C. C. A.) 16 F.(2d) 33; United States v. Gordin (C. C. A.) 9 F.(2d) 394; Macomber v. Goldthwaite (C. C. A.) 22 F. (2d) 638; Law v. United States, 266 U. S. 494, 45 S. Ct. 175, 69 L. Ed. 401.

■ Therefore the only questions reviewable here are the rulings on the demurrer and the admission of certain evidence objected to. The only part of the demurrer argued is that it does not state facts sufficient to constitute a cause of action against the defendants. We are satisfied that the complaint, while it might properly have been attacked by motion to make more specific, was not subject to the demurrer. It alleged that the abstract was made by defendants for plaintiff and that he relied thereon; that through oversight on the part of the abstracters in failing to show the tax sale or lien, which error defendants had admitted in writing, plaintiff lost certain land. The certificate of the abstracters is not subject to the narrow limitations urged by defendants, Combs & Combs, in discussion of the demurrer. The certificate recites "that there are no liens against said land for taxes as shown by the records of delinquent lands for said county." It is unquestioned that there was a tax sale, and there must have been a proper record of the tax lien, in order that there could be a tax sale. We think the complaint stated a cause of action, and that the demurrer was properly overruled.

■■ The only other questions properly before us are the claimed errors in the introduction of the deeds from Virginia H. Duncan to Brent F. Eubank, wife of J. D. Eubank, and from Brent F. Eubank to James D. Eubank, and the introduction of a certified copy of a tax deed from the clerk of Madison county, Arkansas, to Sam Nunnely, purporting to convey the lands for payment of the 1913 taxes.

As to the deeds: At the time of the transfer of the Madison county land the conveyance was made by grant at plaintiff's request to his stenographer, who in turn deeded the same to plaintiff's wife, who thereafter made deed to plaintiff. The purpose of this does not appear, and it is not material. The two last-mentioned deeds were not recorded, and defendants claim they were not admissible under the Arkansas statute.

Eubank testified that he knew that the signatures of the respective grantors, viz. Virginia H. Duncan and Brent F. Eubank, were their genuine signatures, and that they made the deeds. It is a general rule that such evidence is admissible to prove the execution of a deed. Whether or not this is affected by the Arkansas statutes we deem unimportant and unnecessary to determine, for the reason that it appears without question that plaintiff through his agent employed defendants to make the abstract; that defendants made the same and that plaintiff relied upon their certification and completed his transaction with Grant in reliance thereon; that the abstract was not correct and failed to show a tax lien, and that therefore the land was lost to plaintiff; and that defendants admitted their error and responsibility. Defendants recognized plaintiff through all the correspondence as the supposedly real owner of the land. Therefore it would seem immaterial in whose name the deeds were taken, or whether they were introduced at all in evidence.

■ It is insisted that the certified copy of the tax deed was not admissible to show a sale of the land for taxes; that to show such sale it would have been necessary to introduce the delinquent record of taxes of Madison county, or a certified copy thereof, showing such tax sale had been made and recorded in said delinquent record; that, if the sale of the lands involved was not recorded in said delinquent tax record, defendants were under no obligation to have the abstract of title show such sale, and that such sale would have been void, if made and not recorded. The certified copy of the tax deed was certainly admissible for what it was worth. Whether it was sufficient to prove the tax lien or sale is not involved in the question of its admissibility. However, under this record, the question is unimportant, as the sufficient answer to the objection is that the defendants in their letter of November 12, 1920, frankly admitted that the tax sale had been overlooked in the abstract; that they were responsible for the error, and would take care of the matter for the plaintiff. Having made this admission, and repeatedly assured plaintiff and his counsel that they would rectify their error, they should not now be permitted on technical grounds to avoid the result of their error and negligence. It must not escape notice that the trial court found the land had been sold to Nunnely in 1914 for nonpayment of the taxes of 1913, and that the abstract relied on by plaintiff failed to show that the taxes for 1913 had not been paid and were a lien on the land.

■ As to the question raised here by the defendant in error, Eubank, as to his right to recover more than the court allowed him,

we may say that no request either as to fact or law finding with relation thereto was made in the trial court, and that question is therefore not before us.

We see no reason to disturb the conclusions of the trial court in this case, and its judgment is affirmed.