**THOMAS E. BASHAM CO. v. LUCAS, Collector of Internal Revenue.**

Circuit Court of Appeals, Sixth Circuit.
December 7, 1928.

No. 5039.

Elwood Hamilton, of Louisville, Ky. (Beckham, Hamilton & Beckham, of Louisville, Ky., on| the brief), for plaintiff in error.

C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C. (T. H. Lewis, Jr., of Washington, D. C., Thomas J. Sparks, U. S. Atty., of Greenville, Ky., and Frank A. Ropke, Asst. U. S. Atty., of Louisville, Ky., on the brief), for defendant in error.

McKercher & Link, of New York City, amici curiæ.

Before DENISON, MACK, and HICKS, Circuit Judges.

PER CURIAM. Suit to recover a payment of income tax, involving the question whether the taxpayer was a personal service corporation entitled to the benefits of sections 231 and 200 of the Revenue Act of 1918. 40 Stat. 1076, 1058.

After a jury had been waived in writing, and the case tried without any request for special findings, the District Judge filed an opinion discussing the facts and the law, and directing a judgment for defendant. The defendant then made a motion "for a separation of the law and a special finding of facts," and the court inserted in the judgment entry this: "The court further specially finds that the facts on which this judgment is based are stated in the court's written opinion heretofore filed in this action and made a part of the record." The judgment entry continues: "To all· of the· finding of facts herein and conclusions of law the plaintiff objects and excepts." ⸴ There was no other finding or request therefor, and no other exception.

Such a general adoption of the recitals in an opinion as and for findings of fact is an unsatisfactory, even if legally sufficient, compliance with the prescribed practice in that situation. Fleischmann Const. Co. v. U. S., to Use of Forsberg, 270 U. S. 349, 46 S. Ct. 284, 70.L. Ed. 624. If, however, it were to be considered as generally sufficient, there was no exception thereto effective to support the objection which plaintiff now seeks to make, viz.: That the undisputed evidence affirmatively required the judge to find certain facts which were essential to plaintiff's right to recover.[1] Unless the question is distinctly presented to the District Judge that it is his duty, as a matter of law, to find the existence of a certain essential fact, and an exception is taken to his failure or refusal to find accordingly, there is nothing for this court to consider. Law v. U. S., 266 U. S. 494, 45 S. Ct. 175, 69· L. Ed. 401; Oyler v. Cleveland, etc., Ry. (C. C. A. 6) 16 F. 455, and cases cited.

We cannot look into the evidence preserved by a bill of exceptions to see whether the fact conclusions which we might think proper from that evidence would have required a judgment for plaintiff. Law v. U. S., supra. The proper practice is pointed out by this court in Humphreys v. Third Nat. Bank, 75 F. 852; City of Cleveland v. Walsh Const. Co., 279 F. 57; and is clearly stated in Blockton Co. v. U. S. (C. C. A. 5) 24 F. (2d) 180, 181. In Dayton Bronz Bearing Co. v. Gilligan (C. C. A. 6) 281 F. 709, 711, upon a similar record, we declined to examine the evidence. In Nashville Co. v. Tennessee Co. (C. C. A. 6) 4 F.(2d) 756, there was no lack· of finding or exception.

The judgment is affirmed.