## NYE et al. v. CHASE NAT. BANK.

Circuit Court of Appeals, Eighth Circuit.
July 23, 1929.

No. 8276.

H. V. Mercer and E. J. Lien, both of Minneapolis, Minn., for appellants.

Bergmann Richards, of Minneapolis, Minn. (Snyder, Gale & Richards, of Minneapolis, Minn., on the brief), for appellee.

Before STONE, LEWIS, and COTTERAL, Circuit Judges.

COTTERAL, Circuit Judge. In an action by the Chase National Bank, successor to the Mechanics' & Metals National Bank, against George L. and C. W. Nye, upon their contract of guaranty of loans to be made by a predecessor bank to the American Range & Foundry Company, wherein a trial by jury was waived in writing, judgment was rendered for the bank upon notes of that company; and the defendant assigns various errors, which, as counsel summarizes them, present the two questions for consideration:

(1) "Whether the alleged guaranty was intended and did cover the notes sued on so as to make appellants liable thereon"; and (2) "whether the alleged guaranty if construed to cover these notes is contrary to public policy and hence void."

The complaint alleged that the plaintiff bank took over all of the assets including notes of the Mechanics' & Metals National Bank on April 10, 1926; that during June, July and August, 1924, the foundry company gave nine notes (copies exhibited) to that bank for sums advanced to the company, upon the prior contract of guaranty dated March 23, 1922; that the notes were long past due and unpaid except certain credits; that the company was adjudicated a bankrupt on October 27, 1924, and judgment was prayed for the unpaid principal and interest on the notes. The answer of the defendants alleges the contract contains provisions upon which the parties had not agreed, was indefinite, uncertain, etc., prevented the defendants from making a defense to actions thereon, was calculated to deprive them of that right and to oust the courts of jurisdiction thereof, was against public policy, illegal and void, and that it was mutually abandoned and was without consideration.

The contract of guaranty constituted an unconditional and clear guaranty to the Mechanics' & Metals National Bank, its successors, indorsees and assigns, of the loans of the bank to the foundry company, and concluded with this language: "And we declare and covenant with the said Mechanics & Metals National Bank of the City of New York, its successors or assigns, that we have no defense whatever to any action, suit or proceeding at law, or otherwise, that may be instituted on this guaranty."

At the trial there was no dispute as to the notes, the consideration by way of loans therefor, and the execution and delivery of the guaranty contract. The contract was specific in terms and unqualifiedly bound the makers for these notes of the company. Testimony was adduced for the defense tending to show the guaranty was restricted to notes of the company only when indorsed by the Minnesota Stove Company, which was taken over by the foundry company, that the contract was abandoned by an oral understanding between certain agents of the bank and the defendants that the subsequent loans embracing those in suit were to be made solely on responsibility of the foundry company. Such findings were asked, but sufficient testimony was wanting to sustain them, and they were properly refused. We are impressed

they were clearly refuted by contrary testimony. A general finding was made in favor of the plaintiff, and not only was it established, but it is conclusive and is not subject to review in this court, as has been repeatedly decided. Title 28, § 879, U. S. C. (section 1011, Rev. Stat.); Wear v. Imperial Window Glass Co. (C. C. A.) 224 F. 60; Combs v. Eubank (C. C. A.) 28 F.(2d) 459.

■■■ But one question remains, and that is whether the guaranty is unenforceable in being contrary to public policy. We have examined the cases upon which counsel for appellants rely, and find they do not support this defense. Here was a contract that disclosed a valid consideration for a valid promise to repay the loans which should be made to the foundry company, and the plaintiff's recovery was not dependent on or connected with any illegal transaction or matter. It was not essential for the bank to prove any fact except the loans evidenced by the notes and nonpayment of the same. The proofs rendered the defendants fully liable. The stipulation precluding a defense was invalid, but it was wholly unnecessary to plaintiff's case, and without it the obligation of repayment was completely made out. In such a case the valid provisions of the contract are separate and may be enforced. Clark on Contracts, pp. 471, 472. The text in 13 C. J. 502, 503, correctly states the rule of liability, as follows: "An agreement will be enforced, even if it is incidentally or indirectly connected with an illegal transaction, provided it is supported by an independent consideration, or if plaintiff will not require the aid of the illegal transaction to make out his case. But if plaintiff in establishing his case is compelled to resort to the illegal contract no recovery can be had."

Appellants rely on some of the cases there cited. Among them is McMullen v. Hoffman, 174 U. S. 639, 19 S. Ct. 839, 43 L. Ed. 1117, where two parties made collusive bids for public work, agreeing to share the losses and profits of the successful bidder, and, in a suit by one against the other for profits, it was held he could not prevail, as he was required to show an illegal undertaking. In Hazelton v. Sheckels, 202 U. S. 71, 26 S. Ct. 567, 50 L. Ed. 939, 6 Ann. Cas. 217, a contract to deliver property, a part of the consideration for which was services in procuring legislation and a sale to the United States, was held to be void as against public policy. In Guaranty Trust & Safe-Deposit Co. v. Green Cove Railroad Co., 139 U. S. 137, 11 S. Ct. 512, 35 L. Ed. 116, it was held a clause in a deed of trust providing an exclusive mode of sale was restrictive of judicial remedy and jurisdiction and was invalid, but it was not held to prevent enforcement of the lien. It is obvious the above and other like cases furnish no support for appellants' contention.

Counsel are right in their position that agreements and statutes designed to prevent a remedy in the federal courts are invalid. Terral v. Burke Const. Co., 257 U. S. 529, 42 S. Ct. 188, 66 L. Ed. 352, 21 A. L. R. 186; Hanover Fire Ins. Co. v. Harding, 272 U. S. 517, 47 S. Ct. 179, 71 L. Ed. 372, 49 A. L. R. 713; Frost Trucking Co. v. R. R. Commission, 271 U. S. 583, 46 S. Ct. 605, 70 L. Ed. 1101, 47 A. L. R. 457; Williston on Contracts, vol. 3, § 1725. But it does not follow that the rights of the contracting parties are affected by a stipulation or law that applies only to a remedy. It is preserved in a contract when the consideration and the promise given for it are susceptible of proof independent of the invalid remedial clauses.

In this case the criticised stipulation may simply be eliminated, leaving the contract unimpaired. The object was doubtless to make the bank's demand more secure. But the plaintiff's cause of action was established without reference to the stipulation. Nothing was requisite with regard to it at the trial but to ignore it as ineffectual. Besides, a full opportunity of defense on the merits was open to the defendants, and they availed themselves of it.

We therefore hold that the judgment was right, and it is accordingly affirmed.