## MAY et al. v. MARBURY et al.
### No. 5388.

Circuit Court of Appeals, Sixth Circuit.
April 7, 1930.

U. G. Hahn, of Bellefontaine, Ohio (J. L. Ewell, of Manchester, Tenn., and Joseph Higgins, of Nashville, Tenn., on the brief), for appellants.

A. H. Roberts, of Nashville, Tenn. (Roberts & Roberts, of Nashville, Tenn., on the brief), for appellees.

Before DENISON and HICKENLOOPER, Circuit Judges, and TUTTLE, District Judge.

HICKENLOOPER, Circuit Judge.

This cause was before the court on a previous occasion. Marbury v. May (C. C. A.) 9 F.(2d) 587. On this former hearing, it was held in substance that the title of plaintiffs below had not been extinguished or divested by abandonment or estoppel; that the Marbury grant, upon which the plaintiffs relied, prevailed over the Webster grant, upon which defendants relied; that the chancery proceedings in the case of Ready v. Blanton et al., did not create color of title under which the Marbury interests had been divested of title by prescription; by inference, also, that the alleged prior conveyance by the original Marbury to one King had not been established; and that there was no substantial evidence in that record of title in defendants by adverse possession. The cause was remanded, and upon a new trial further evidence was taken upon the last issue mentioned as the only open question.

Although the action was one in ejectment, and normally triable to a jury, the parties stipulated, upon the retrial, for the waiver of a jury and for submission to the court. No motion for special findings of fact and conclusions of law, per se, was seasonably made, although prior to submission of the case the defendants had moved the court for "findings and rulings" that the plaintiffs could not recover upon various ultimate grounds which were asserted, including those previously passed upon by this court, although the motion for a new trial asserted it to have been error to refuse to find and rule upon the law and facts as defendants "had seasonably requested," and although in the judgment entry the court purported to overrule and disallow defendant's motions for rulings and special findings and stated that the written opinion and findings of fact (therein) "are filed as part of the record in this case." No exception is taken in the judgment entry to the adopted manner of procedure. Only in the order overruling the motion for a new trial do defendants purport to except to the action of the court in declining to "make further findings or to disturb the former judgment in favor of plaintiffs."

Under the foregoing facts, it is obvious that none of questions argued is properly preserved for determination of this court. The motion at the conclusion of the evidence, for "rulings and findings" upon the grounds stated, was a motion only for judgment, not a motion for special findings. If such motion be implied in the motion for a new trial, it came too late. Refusal by the court to make findings of fact may be ground for reversal if the motion therefor be seasonably made, and if exception be taken to the action of the court at the time. The E. A. Packer, 140 U. S. 360, 365, 11 S. Ct. 794, 35 L. Ed. 453; Winton v. Amos, 255 U. S. 373, 396, 41 S. Ct. 342, 65 L. Ed. 684. But it has now been too firmly established to admit of controversy that where there are no special findings of fact, and no exceptions for failure to find specific facts, questions relating to matters of fact or conclusions of law embodied in the general findings are not reviewable. Fleischmann Co. v. U. S., 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624; Law v. U. S., 266 U. S. 494, 45 S. Ct. 175, 69 L. Ed. 401. Some of the recent decisions of this court upon the same doctrine are U. S. v. Gordin (C. C. A.) 9 F.(2d) 394; Oyler v. Cleveland (C. C. A.) 16 F.(2d) 455; Globe v. Storer (C. C. A.) 23 F.(2d) 921; Frankle v. Routzahn (C. C. A.) 26 F.(2d) 1018; Basham v. Lucas (C. C. A.) 30 F.(2d) 97; Acme v. Weiss (C. C. A.) 30 F.(2d) 1007; Ocean Acc. & Guar. Corporation v. Pearson (C. C. A.) 37 F.(2d) 896 (Decided Feb. 5, 1930).

In the present case, all the assignments of error pressed upon us raise questions of the justification for and propriety of fact findings assumed from the opinion, and conclusions of law based thereon. It follows that none of the assignments of error in the present case is here reviewable, and the judgment of the District Court is

Affirmed.