## GENERAL MOTORS CO. v. SWAN CAR-BURETOR CO.[*]
### No. 5190.

Circuit Court of Appeals, Sixth Circuit.
June 12, 1930.

On Motion for Rehearing Nov. 5, 1930.

J. L. Stackpole, of Boston, Mass. (Frederick P. Fish and H. L. Kirkpatrick, both of Boston, Mass., and White, Cannon & Spieth, of Cleveland, Ohio, on the brief), for appellant.

F. O. Richey, of Cleveland, Ohio (J. H. Milans, of Washington, D. C., and D. E. Morgan, Henderson, Quail, McGraw & Morgan, and Richey & Watts, all of Cleveland, Ohio, Milans & Milans, of Washington, D. C., on the brief), for appellee.

Before DENISON, HICKS, and HICKENLOOPER, Circuit Judges.

PER CURIAM.

The Swan Company, plaintiff below, was the licensor and the General Motors Company the licensee, in a patent license contract relating to an automobile intake manifold. To recover royalties thereunder, the Swan Company brought this suit in the state court; it was removed to the court below, and plainly belonged, as it was considered to be, upon the law side of the court. A jury was waived in writing; a trial was had, and testimony taken before the court; without any request for findings filed by either party, but in purported compliance with a request by defendant (probably oral), the court made fifteen findings which it denominated "special findings of fact from the evidence"; and entered judgment for the plaintiff.

This appeal by defendant is met by plaintiff's claim that no question has been properly saved for review. Looking into the record and briefs to ascertain what the real controversy is, we find it concerns one question only, Is a manifold which has round conduit pipes and a domed mixing chamber within the mechanical construction as to which the duty to pay license fees arose, or

---

[*]Certiorari denied by Supreme Court 252 U. S. —, 51 S. Ct. 181, 75 L. Ed. —.

·is that duty confined to structures having square tubes and a flat roofed chamber? This inquiry obviously is composite and includes (a) what is the scope of the underlying patent claim; and (b), the scope being determined, did this structure infringe? This composite question is, and each of its elements is, or at least may be, a mixed question of law and fact. Upon such an issue, specific questions of law may sometimes be found to be involved and may be segregated, and doubtless sometimes the complete answer should be drawn as an inference of law resting upon undisputed facts.

Under the well-settled practice which we are very often being called upon to apply, we cannot review a finding of fact to see whether it is based on any substantial ·evidence; nor can we examine any question of law, unless the point was distinctly presented to the court below and ruled upon, during the progress of the trial, and unless proper exception was then taken. City of Cleveland v. Walsh (C. C. A.) 279 F. 57; Fleischmann Const. Co. v. U. S., 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624; Law v. U. S., 266 U. S. 494, 45 S. Ct. 175, 69 L. Ed. 401. If there were any specific questions of fact upon which defendant desired findings, it should have presented them to the court below; if it claimed that any specific finding of fact was not supported by any substantial evidence, it should have excepted specifically upon that ground; a general exception to a finding of fact is meaningless. The claim that the findings do not support the judgment is, of course, open on such an appeal; but that cannot avail defendant here. It is found as a fact that the structures in dispute were covered by the contract between the parties, and, as a finding of fact, this is about all that could be said in order to support a judgment for an agreed royalty. Defendant presents the case very much as if it were an equity appeal, but, when the argument is reduced to terms permissible in a law appeal, it comes to saying that, upon the undisputed facts, the court was required as a matter of law to find no liability; but this position cannot be considered by a reviewing court, unless the defendant has upon the trial proceeded by analogy to a motion for a directed verdict. If made at any time before the trial is finished—and perhaps a trial for this purpose continues until the court announces its conclusion—a request for a conclusion as a matter of law that there is no evidence to support a judgment would be sufficient to preserve this quesion for our consideration; but no such request was made, and the matter is not open here. Oyler v. Cleveland, C., C. & St. L. R. Co. (C. C. A. 6) 16 F.(2d) 455; May v. Marbury (C. C. A. 6—Apr. 7, 1930) 39 F.(2d) 438, and cases cited.

Error is also alleged because the court denied what was in effect a motion for a new trial; and this point is properly saved, although we do not review motions for a new trial, unless in cases of clear abuse of discretion. In any event, the failure earlier to obtain that new evidence which was the ground for the motion was a sufficient discretionary reason for its denial.

The judgment of the District Court is affirmed.

### On Motion for Rehearing.

Upon application for rehearing, appellant calls our attention to rule 34 of the District Court below, which we copy in the margin;[1] and insists that there has been full compliance with this rule. It is somewhat difficult to reconcile this rule in all respects with the statutory limitation to "rulings in the progress of the trial" (Rev. St. § 700 [28 USCA § 875]); but we think it fair to assume that the rule, for this purpose, continues the trial until the final settlement of the findings. This construction of the rule does not perfect appellant's record. The rule does not purport to and could not modify the statute, as construed by this court in Humph-

[1] "In actions at law in which a jury has been waived as provided by the act of Congress, it shall be in the discretion of the court to make special findings of fact upon the issues raised by the pleadings. Ordinarily the court will make such findings on request of either party, if such request be made on or before the submission of the cause for decision. Where such request is made and granted, no judgment shall be entered until the findings shall have been signed and filed or waived as hereinafter provided. Within five (5) days after the filing of the opinion or rendition of the decision, the prevailing party shall prepare a draft of the findings and deliver the same to the clerk for the judge. The adverse party, shall within five days thereafter, deliver to the clerk such proposed amendments or additions to the findings as he may desire. The findings shall thereafter be settled by the judge, and when so settled shall be engrossed by the prevailing party within five (5) days thereafter, and shall be then signed and filed. A failure to comply with the requirements of this rule may be deemed to be a waiver of special findings of fact and judgment may be entered by the clerk without further notice or proceedings."

reys v. Third National Bank, 75 F. 852, 855, 856. This case has been very often brought to the attention of counsel by repeated citations in opinions of this court. A specific finding of law is either right or wrong, and is completely challenged by a simple exception. A finding of fact very commonly involves a weighing of evidence, pro and con, and a mere exception may well be intended to challenge such a result. If it is intended to insist that there is no evidence to support the finding made, or that the undisputed evidence makes it impossible rightly to deny the proposed fact finding, good practice requires that the exception should be put upon this ground, so as clearly to present a question of law and not one of fact. It is not necessary to deny that there may be cases where such a mere exception to a specific fact finding, or refusal to find, must intend to propound the nonexistence of any substantial evidence in support of or against; in that respect what we said in the foregoing opinion may be too broad, and is modified. This does not help appellant.

Having granted its motion to add to the record the opinion of the District Judge settling the findings, still there is nothing to show that appellant, originally or by amendment, proposed any finding of fact or law which was refused or took exception to any such refusal, nor that there was on its part any insistence, expressed or necessarily to be implied, that the undisputed evidence did, as a matter of law, compel judgment for defendant. We observe also that the case is inherently not very appropriate for review after a trial at law without a jury. Whatever novel characteristics the patentee's invention had, related to the performance of the indrawn air and vapor as it passed into and through the mixing chamber and conduits. Whether the rounded chambers were the equivalent of the flat topped ones, involved and largely depended upon whether the former produced, in this respect, the characteristic performance of the latter. This was a question of fact. The trial judge's decision of it depended upon the testimony of the experts and upon his observation of experiments conducted before him in chambers with transparent walls. We must doubt whether such a question as this can ever be considered as one so wholly of law, or as one not so involving any fact dispute, as to come within the Singer Case, 192 U. S. 265, 24 S. Ct. 291, 48 S. Ct. 437.

Rehearing denied.