## ROSE v. UNITED STATES.
No. 6380.

Circuit Court of Appeals, Sixth Circuit.
March 12, 1934.

T. H. Morris, of Johnson City, Tenn. (R. L. Pope, of Knoxville, Tenn., on the brief), for appellant.

MacSwinford, of Covington, Ky. (Sawyer A. Smith, of Covington, Ky., Marion W. Moore, of Lexington, Ky., and Davis G. Arnold and John Mock, both of Washington, D. C., on the brief), for the United States.

Before HICKS and SIMONS, Circuit Judges, and HAHN, District Judge.

PER CURIAM.

Suit upon a war risk insurance policy. The main issue was whether the insured, James Milford Rose, became permanently and totally disabled during the life of the policy. The parties by written stipulation waived trial by jury and consented that the court might make "separate findings of fact and conclusions of law * * *."

The court found that the premiums on the policy were paid up only to the date of the insured's discharge from the army, and that at the time of his discharge, he was not suffering total disability within the meaning of the policy, and dismissed the case. Plaintiff appealed, assigned errors, and preserved all the evidence in a bill of exceptions.

Appellant's contention here necessarily is that upon the evidence the court was indisputably required to find that the insured was totally and permanently disabled while the policy was in force.

But this question is not open. We cannot enter upon an examination of the bill of exceptions to determine it. Thomas E. Basham Co. v. Lucas, 30 F.(2d) 97 (C. C. A. 6). The question is one of law, not of fact, and could have been preserved for review in one of two ways: (1) By requesting special findings of fact, and, in the event the request was denied, by the reservation of exceptions at the time (title 28, § 875, U. S. C. [28 USCA § 875]); or (2) by presenting to the court propositions of law upon the facts found and a request for a ruling thereon, and in the event it was denied, by taking exceptions. See Fleischmann Const. Co. v. U. S., 270 U. S. 349, 356, 46 S. Ct. 284, 70 L. Ed. 624; Humphreys v. Third Nat. Bank, 75 F. 852 (C. C. A. 6); Oyler v. Cleveland, C., C. & St. L. R. Co., 16 F.(2d) 455 (C. C. A. 6); Thomas E. Basham Co. v. Lucas, supra. Such questions of law were neither presented to the District Court below nor determined by it, and cannot therefore be considered by us.

Appellant urges that the court permitted appellee to introduce the reports of examinations made of the insured by government physicians without the same having been authenticated by the physicians themselves and without affording appellant an opportunity to cross-examine these physicians. It is enough to say that the introduction of these reports was not excepted to.

The judgment of the District Court is affirmed.