PROVIDENT LIFE & ACCIDENT INS. CO. OF CHATTANOOGA, TENN., v. CRADY.*

No. 6982.

Circuit Court of Appeals, Sixth Circuit.

April 13, 1936.

*Writ of certiorari denied 56 S. Ct. 949, 80 L. Ed. —.

J. A. Chambliss, of Chattanooga, Tenn. (Sizer, Chambliss & Kefauver, of Chattanooga, Tenn., and John M. McCaslin, of Cincinnati, Ohio, on the brief), for appellant.

John P. Strother, of Cincinnati, Ohio (Harry A. Abrams, of Cincinnati, Ohio, on the brief), for appellee.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

HICKS, Circuit Judge.

Appeal from a judgment in favor of appellee for damages for breaches of an original and a supplemental contract. Appellant was a life and accident insurance company, and appellee was its agent, with authority under the contracts to solicit and secure applications for insurance. The suit was filed on the equity side of the court.

On October 11, 1933, the parties filed a stipulation that "this case may be heard and submitted to the court without the intervention of the jury. * * *" This stipulation was of course mere surplusage if the suit was in equity. Without consideration being given to the question whether the case was actually heard in equity or at law, it was tried to the judge on the date mentioned and was taken under advisement after briefs had been filed. The judge sent notice to opposing counsel to be in court on April 23, 1934, at which time he ruled that the action was at law, asking for damages and an accounting, and transferred it to the law side. He said: "When I decide it I will decide it as an action at law. * * *" He stated further: "I think it really is an action at law and it has been all the way through, probably, and that the accounting feature was purely incidental to the other relief. * * * Now when the cause came on for hearing there was presented, and I have before me here in the exhibits, the records which it was thought would be necessary in order to have an accounting, but the accounting feature is now out of the case, as I understand it. That is to say, there is an amount that is agreed upon; if Mr. Crady is entitled to it at all, we have the amount, and a stipulation was entered into as to the records, so there is no necessity of having an accounting. It results, therefore, that the cause that is before the court is purely an action at law."

■ The action was undoubtedly one at law, and Equity Rule 22, 28 U.S.C.A. following section 723 authorized the transfer. The petition alleges breaches of contracts and that "defendant is in possession of the only records of said business and * * * has failed and refused to give plaintiff an accounting of said business." Based on this averment, the petition contained a prayer for an accounting; but an accounting incidental to an action on contract does not in and of itself confer equity jurisdiction. Pomeroy's Eq.Jur.(4th Ed.) vol. 1, § 177; Fowle v. Lawrason's Ex'r, 5 Pet. 495, 503, 8 L.Ed. 204; Texas, etc., R. Co. v. Marshall, 136 U.S. 393, 405, 10 S.Ct. 846, 34 L.Ed. 385; Russell v. Clark's Executors, 7 Cranch, 69, 3 L.Ed. 271. There was no averment of any trust relationship between the parties or that their transactions were complicated. The answer set up no equitable defense. The inference that appellant had failed to give access to its records presents no equitable feature. The court is authorized to require appellant to produce its records in the trial of an action at law. U.S.C. tit. 28, § 636 (28 U.S.C.A. § 636).

■ Appellee's counsel appeared when the court made the above ruling, but appellant's counsel, having failed to receive notice, were not present, and the court directed that its ruling and the reasons therefor be read to appellant's counsel. We must assume, nothing appearing in the record to the contrary, that counsel had timely notice of the order. Appellant made no objection and took no exception to the holding transferring the cause to the law side or the actual order of transfer based thereon. An objection and exception at the time were requisite to a review of the ruling. Garland v. Davis, 4 How. 131, 142, 11 L.Ed. 907; Drumm-Flato Commission Co. v. Edmission, 208 U.S. 534, 540, 28 S.Ct. 367, 52 L.Ed. 606.

■ At the time the transfer to the law side of the docket was made, the evidence had been heard and the cause was under submission. Although fully advised that the court thereafter proposed to proceed with the case as an action at law, appellant made no request for special findings of fact, presented no propositions of law with a request for rulings thereon, and made no motion for judgment. It results, therefore, that the judgment thereafter entered April 26, 1934, here complained of is not reviewable. Harvey Co. v. Malley, 288 U.S. 415, 53 S.Ct. 426, 77 L.Ed. 866; Fleischmann Co. v. U. S., 270 U.S. 349, 356, 46 S.Ct. 284, 70 L.Ed. 624;

902

Lewellyn, Collector, v. Electric Reduction Co., 275 U.S. 243, 248, 48. S.Ct. 63, 72 L.Ed. 262; Law v. U. S., 266 U.S. 494, 45 S.Ct. 175, 69 L.Ed. 401; Ocean Acc. & Guarantee Corp. v. Pearson, 37 F.(2d) 896 (C.C.A.6); Fordson Coal Co. v. Wilson, 39 F.(2d) 55 (C.C.A.6); May v. Marbury, 39 F.(2d) 438 (C.C.A.6); Wynne v. Fries, 50 F.(2d) 761 (C.C.A.6); Brown v. Harvey Coal Corp., 61 F.(2d) 624 (C.C.A.6); Rose v. U. S., 69 F.(2d) 966 (C.C.A.6); Humphreys v. Third National Bank, 75 F. 852, 855 (C.C.A.6).

On May 14, 1934, appellant petitioned the court to reconsider its action in transferring the case to the law side. The petition was properly overruled, for, as herein decided, this action was clearly one at law.

Judgment affirmed.