Dorle Numan WOOD, Appellant, v. UNITED STATES of America, Appellee.

No. 7321.

Circuit Court of Appeals, Sixth Circuit.

Jan. 11, 1938.

M. C. Redwine, of Winchester, Ky., and Perry B. Miller, of Louisville, Ky., for appellant.

J. T. Metcalf, of Winchester, Ky., for the United States.

Before MOORMAN and HICKS, Circuit Judges, and HAMILTON, District Judge.

PER CURIAM.

The law and facts of this cause having been submitted to the trial court without a jury, and the appellant not having made any request for specific findings of fact or law, it is ordered that the judgment be affirmed on the authority of Rose v. United States, 6 Cir., 69 F.2d 966, Thomas E. Basham Co. v. Lucas, 6 Cir., 30 F.2d 97, and Fleischmann Const. Co. v. United States, 270 U.S. 349, 46 S.Ct. 284, 70 L.Ed. 624.

Louis ZIEGER v. VON KOZLOW REALTY COMPANY, Debtor, et al.

No. 7739.

Circuit Court of Appeals, Sixth Circuit.

Jan. 7, 1938.

Lucking, Van Auken & Sprague, of Detroit, Mich., for appellant.

Shapero & Shapero, Fixel & Fixel, and D. B. Frederick, all of Detroit, Mich., for appellees.

Before MOORMAN and HICKS, Circuit Judges, and SWINFORD, District Judge.

PER CURIAM.

This cause came on for hearing on appeal under section 24b of the Acts of Congress relating to bankruptcy, 11 U.S.C.A. § 47(b).

It appears that a restraining order previously issued by the lower court was dissolved January 3, 1938, by reason whereof appellant Louis Zieger is now able to proceed with a certain mechanic's lien foreclosure sale, which the lower court had previously restrained. The questions on this appeal are therefore moot. For the protection of all parties in interest, it is ordered that this cause be discontinued on the docket but subject to be reinstated.