## LAW *v.* UNITED STATES.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 550. Argued December 8, 1924.—Decided January 5, 1925.

1. A judgment of the District Court based on a general finding for the plaintiff in a law case tried without a jury is not reviewable in the Circuit Court of Appeals upon the ground that the plaintiff's evidence failed to sustain the cause of action pleaded by the complaint. P. 496.
2. In an action on a contract for insurance issued under the War Risk Insurance Act, as amended October 6, 1917, jurisdiction of the District Court is to be exercised in accordance with the laws governing the usual procedure of that court in actions at law for money compensation. *Id.*
3. Error in granting the Government's motion to sit without a jury in such a case cannot be complained of by the Government. *Id.*
4. Denial of a motion for special findings cannot be complained of if not excepted to. *Id.*

299 Fed. 61, reversed.

ERROR to a judgment of the Circuit Court of Appeals reversing a judgment for the plaintiff, in an action on a war risk insurance contract, and directing entry of judgment for the United States. For the opinion of the District Court, see 290 Fed. 972.

*Mr. DeWitt T. Law* pro se.

*Mr. Assistant Attorney General Donovan,* with whom *Mr. Solicitor General Beck* and *Mr. Harry S. Ridgely* were on the brief, for the United States.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

This is an action at law brought in the federal court for Montana on a contract for insurance issued under the War Risk Insurance Act as amended October 6, 1917, c. 105, 40 Stat. 398, 409. The United States filed an answer denying liability and moved for trial without a jury. The motion was granted. At the close of plaintiff's evidence the defendant moved for judgment. The motion was denied. No special findings of fact were made. Judgment for $3,335 was entered for the plaintiff upon a general finding. 290 Fed. 972. Upon writ of error sued out by the Government the Circuit Court of Appeals reversed the judgment and directed the District Court to enter judgment for the defendant. 299 Fed. 61. The case is here on the plaintiff's writ of error under § 241 of the Judicial Code.

The action was brought by the insured. The contract provided for payment in installments in case of total and permanent disability. Whether the plaintiff was so disabled was the main issue. The evidence introduced by him occupies forty pages of the printed record. It disclosed, among other things, that, at the time of enlistment, plaintiff was a common laborer with but several months of recent high school education; that he was seriously wounded overseas; that, after discharge, he resumed his studies; that later, in the rehabilitation process, he entered upon the study of law; and that he acted as his own counsel in the trial of the case. The Government's motion for judgment was made on the ground, among

others, that plaintiff had failed to prove that he ever had been, or then was, totally disabled, within the meaning of the contract of insurance.

The Court of Appeals held that the motion should have been granted. Its judgment must be reversed and that of the District Court must stand, because the case was tried without a jury and there was only the general finding for the plaintiff. Neither the evidence, nor the questions of law presented by it, were reviewable by the Court of Appeals. To enquire into the facts and the conclusions of law on which the judgment of the lower court rests was not permissible. *Norris* v. *Jackson,* 9 Wall. 125; *Insurance Co.* v. *Folsom,* 18 Wall. 237; *Boardman* v. *Toffey,* 117 U. S. 271. The bill of exceptions and the assignment of errors do not attempt to present any other question which is substantial. The petition confessedly set forth a good cause of action. The District Court had jurisdiction of the parties and of the subject matter. Its decision is final.

The jurisdiction possessed was that to be exercised in accordance with the laws governing the usual procedure of the court in actions at law for money compensation. *Crouch* v. *United States, ante,* 180; *United States* v. *Pfitsch,* 256 U. S. 547, 552. The District Court, having erroneously decided that it was the exceptional jurisdiction concurrent with the Court of Claims, granted the Government's motion to sit without a jury. Of this error the Government cannot complain. Nor can it complain of the denial by the trial court of the motion for special findings. It did not except thereto. Whether special findings can ever avail where there was no stipulation in writing waiving the jury, we need not consider. Compare *Kearney* v. *Case,* 12 Wall. 275; *Campbell* v. *United States,* 224 U. S. 99; *Cleveland* v. *Walsh Construction Co.,* 279 Fed. 57, 60–63.

*Reversed.*