## WHITNEY v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit.
October 19, 1925.)

No. 4699.

**1. Jury ⚖14(2)—Action on policy of war risk insurance, being an action at law, held triable by jury.**

An action on a policy of war risk insurance, under Amendatory Act for War Risk Insurance Oct. 6, 1917, § 405, being an action at law, is triable by jury, in view of Rev. St. §§ 566, 649 (Comp. St. §§ 1583, 1587), and Act June 7, 1924, § 19, as amended by Act March 4, 1925, §.2 (Comp. St. Supp. 1925, § 9127½—19), applying procedure of Tucker Act, §§ 5, 6, 10 (Comp. St. §§ 1575, 1576, 1578), to claims on contracts of war risk insurance, not taking such cases out of ordinary rule obtaining in actions at law in District Court, in view of intention manifested by congressional committee on World War Veteran's legislation to assure a jury trial in such cases.

**2. Evidence ⚖43(1)—Common knowledge that statute providing for waiver of jury trials is frequently availed of, and that many actions at law are tried by stipulation without juries.**

It is a matter of common knowledge that Rev. St. § 649 (Comp. St. § 1587), providing for waiver of jury trial in the circuit court, is frequently availed of, and many actions at law are tried by stipulation without juries.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Edward E. Cushman, Judge.

Action by Hobart W. Whitney on a policy of war risk insurance against the United States. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

On the 13th of December, 1924, plaintiff in error brought an action in the District Court for the Western District of Washington, Northern Division, on a policy of war risk insurance. He claimed that he was permanently and totally disabled as the result of an accident which he sustained while in the service. The government answered, and the case was tried before a jury which found for plaintiff in error in the sum of $2,012.50, on the 3d of June, 1925. The court treated the verdict as advisory only, denied a motion for judgment on the verdict, and on the 21st of August, 1925, entered judgment for defendant in error.

W. G. Beardslee, of Seattle, Wash., for plaintiff in error.

Thos. P. Revelle, U. S. Atty., and Donald G. Graham, Asst. U. S. Atty., both of Seattle, Wash.

Before GILBERT, RUDKIN, and McCAMANT, Circuit Judges.

McCAMANT, Circuit Judge (after stating the facts as above). The sole question presented on this record is whether plaintiff in an action on a policy of war risk insurance is entitled to a trial by jury. Section 405 of the Amendatory Act providing for War Risk Insurance, approved October 6, 1917, is in part as follows:

"That in the event of disagreement as to a claim under the contract of insurance between the bureau and any beneficiary or beneficiaries thereunder, an action on the claim may be brought against the United States in the District Court of the United States in and for the district in which such beneficiaries or any one of them resides." 40 Stat. 410.

The Supreme Court has held that the jurisdiction conferred by this statute should be exercised "in accordance with the laws governing the usual procedure of the court in actions at law for money compensation." Law v. United States, 266 U. S. 494, 45 S. Ct. 175, 69 L. Ed. 401. This was tantamount to holding that either party to such an action was entitled to a trial by jury.

Thereafter Congress passed the Act approved June 7, 1924 (Stats. 1923–24, pp. 607–630 [Comp. St. Supp. 1925, §§ 9127½—1 to 9127½—605]). Section 19 of this act (section 9127½—19) relates to litigation based on policies of war risk insurance. It contains the following sentence: "The procedure in such suits shall otherwise be the same as that provided for suits in the District Courts by the act entitled, 'An act providing for the bringing of suits against the United States,' approved March 3, 1887, as amended." This latter statute is the Tucker Act, found in 24 Stat. 505 et seq. Section 2 of the Tucker Act contains the following provision: "All causes brought and tried under the provisions of this act shall be tried by the court without a jury." By the Act of June 7, 1924, Congress therefore made unequivocal provision for the trial by courts without juries of actions based on policies of war risk insurance.

On the 4th of March, 1925 (Comp. St. Supp. 1925, §§ 9127½—3 to 9127½—505), the statute was again amended. Stats. 1924–25, p. 1302. Section 2 of this latest act (section 9127½—19) amended section 19 of the Act of June 7, 1924, so as to read, in part, as follows:

"In the event of disagreement as to claim under a contract of insurance between the

Bureau and any person or persons claiming thereunder an action on the claim may be brought against the United States either in the Supreme Court of the District of Columbia or in the District Court of the United States in and for the district in which such persons or any one of them resides, and jurisdiction is hereby conferred upon such courts to hear and determine all such controversies. The procedure in such suits shall be the same as that provided in sections 5 and 6 of the act entitled 'An act to provide for the bringing of suits against the government of the United States,' approved March 3, 1887, and section 10 thereof in so far as applicable."

Sections 5, 6, and 10 of the Tucker Act are as follows (24 Stat. 506, 507 [Comp. St. §§ 1575, 1576, 1578]):

"Sec. 5. That the plaintiff in any suit brought under the provisions of the second section of this act shall file a petition, duly verified with the clerk of the respective court having jurisdiction of the case, and in the district where the plaintiff resides. Such petition shall set forth the full name and residence of the plaintiff, the nature of his claim, and a succinct statement of the facts upon which the claim is based, the money or any other thing claimed, or the damages sought to be recovered and praying the court for a judgment or decree upon the facts and law.

"Sec. 6. That the plaintiff shall cause a copy of his petition filed under the preceding section to be served upon the district attorney of the United States in the district wherein suit is brought, and shall mail a copy of the same, by registered letter, to the Attorney General of the United States, and shall thereupon cause to be filed with the clerk of the court wherein suit is instituted an affidavit of such service and the mailing of such letter. It shall be the duty of the district attorney upon whom service of petition is made as aforesaid to appear and defend the interests of the government in the suit, and within sixty days after the service of petition upon him, unless the time should be extended by order of the court made in the case to file a plea, answer, or demurrer on the part of the government, and to file a notice of any counter claim, set-off, claim for damages, or other demand or defense whatsoever of the Government in the premises: Provided, that should the district attorney neglect or refuse to file the plea, answer, demurrer, or defense, as required, the plaintiff may proceed with the case under such rules as the court may adopt

in the premises; but the plaintiff shall not have judgment or decree for his claim, or any part thereof, unless he shall establish the same by proof satisfactory to the court."

"Sec. 10. That when the findings of fact and the law applicable thereto have been filed in any case as provided in section six of this act, and the judgment or decree is adverse to the government, it shall be the duty of the district attorney to transmit to the Attorney General of the United States certified copies of all the papers filed in the cause, with a transcript of the testimony taken, the written findings of the court, and his written opinion as to the same; whereupon the Attorney General shall determine and direct whether an appeal or writ of error shall be taken or not; and when so directed the district attorney shall cause an appeal or writ of error to be perfected in accordance with the terms of the statutes and rules of practice governing the same: Provided, that no appeal or writ of error shall be allowed after six months from the judgment or decree in such suit. From the date of such final judgment or decree interest shall be computed thereon, at the rate of four per centum per annum, until the time when an appropriation is made for the payment of the judgment or decree."

The District Court found in the adoption of the procedure contained in section 10 of the Tucker Act a declaration of the intent of Congress that these cases should be tried without the intervention of juries. It is true that "findings of fact and the law applicable thereto" are made by courts and not by juries, but we think it does not follow that the Act of March 4, 1925, should receive the construction placed on it by the District Court.

[1] An action on a policy of war risk insurance is an action at law. Section 566 of the Revised Statutes (section 1327, Barnes' Federal Code [Comp. St. § 1583]) provides:

"The trial of issues of fact in the District Courts, in all causes except cases in equity and cases of admiralty and maritime jurisdiction, and except as otherwise provided in proceeding in bankruptcy, shall be by jury."

This provision is controlling unless it can be said that Congress has made special provision for the trial of actions on policies of war risk insurance.

It is true that some force and effect should be given to the provision in the Act of March 4, 1925, adopting the procedure pointed out in section 10 of the Tucker Act "in so far as applicable."

[2] Section 649 of the Revised Statutes (section 1329, Barnes' Federal Code; 13 Stat. 501 [Comp. St. § 1587]) is as follows: "Issues of fact in civil cases in any circuit court may be tried and determined by the court, without the intervention of a jury, whenever the parties, or their attorneys of record, file with the clerk a stipulation in writing waiving a jury. The finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury." It is a matter of common knowledge that this statute is frequently availed of and that many actions at law are tried by stipulation without juries. When actions on policies of war risk insurance are so tried and determined against the government, the district attorney is required to send copies of the findings to the Attorney General.

"Petition" is the name given to plaintiff's initial pleading in actions at law in the Codes of a number of the states. We therefore find in sections 5 and 6 of the Tucker Act no requirement that this character of litigation is to be tried without juries.

The report to the House of Representatives of its committee on World War veterans' legislation, recommending the enactment of the Act of March 4, 1925, contains the following language:

"Section 4 of the bill amends section 19 of the World War Veterans' Act relating to suits on contracts of insurance. In effect the amendment will give the claimants the right to a jury trial, thus differing from the ordinary judicial procedure in suits on claims against the United States where the United States District Courts have concurrent jurisdiction with the Court of Claims. A jury trial may, however, be waived by consent." Report No. 1518 to accompany H. R. 12308, 2d Sess., 68th Cong.

The Supreme Court has repeatedly looked to the reports of congressional committees for light in the construction of legislation where the language leaves the legislative intent in doubt. Church of Holy Trinity v. United States, 143 U. S. 457, 464, 465, 12 S. Ct. 511, 36 L. Ed. 226; Binns v. United States, 194 U. S. 486, 495, 24 S. Ct. 816, 48 L. Ed. 1087; Northern Pacific v. Washington, 222 U. S. 370, 380, 32 S. Ct. 160, 56 L. Ed. 237; McLean v. United States, 226 U. S. 374, 380, 33 S. Ct. 122, 57 L. Ed. 260; Lapina v. Williams, 232 U. S. 78, 89, 90, 34 S. Ct. 196, 58 L. Ed. 515. The text-books recognize the relevancy of legislative reports in the interpretation of statutes. 25 R. C. L. 1038; 2 Lewis' Suth-

erland on Statutory Construction (2d Ed.) § 470. This committee report is peculiarly significant. It indicates an intent to assure jury trials in these cases, and explains the reference to section 10 of the Tucker Act by calling attention to the right of the parties to waive a jury trial.

The Act of June 7, 1924, applied to this character of legislation the procedure contained in the Tucker Act, including section 2 thereof, which expressly directed that causes should be tried without juries. It is significant that the amendatory statute eliminates section 2 as a guide in procedure.

We cannot find in the Act of March 4, 1925, any provision which takes this case out of the ordinary rule obtaining in the trial of actions at law in the district court.

The judgment is reversed and remanded for further proceedings not inconsistent herewith.