## ELKHART CARRIAGE & MOTOR CAR CO. v. PARTIN.

(Circuit Court of Appeals, Sixth Circuit. December 11, 1925.)

No. 4340.

1. **Courts ⬡352—Bill in equity in state court, in effect an action at law, on transfer to federal court, held improperly docketed on equity side.**

Bill in equity, filed under Tennessee practice instead of action at law for breach on contract, on transfer to federal court, *held* improperly docketed on equity side of court, and such as should have been transferred to common-law under equity rule 22.

2. **Appeal and error ⬡240—Error as to form of remedy disregarded, in absence of motion to dismiss.**

Error in prosecuting appeal instead of writ of error will be disregarded, though Act Feb. 13, 1925, § 10 (Comp. St. Supp. 1925, § 1649b), is not applicable, where there was no motion to dismiss.

3. **Jury ⬡28(6) — Acquiescence in trial of case on equity side of court is waiver of right to jury trial.**

Defendant, acquiescing in trial of case on equity side of court before judge, thereby waives right to jury trial.

4. **Appeal and error ⬡850(1)—Alleged errors in course of trial not reviewable, in absence of request for special findings.**

Where case was tried on equity side of court, and no special findings were requested, alleged errors in course of trial cannot be reviewed on appeal.

Appeal from the District Court of the United States for the Western District of Tennessee; J. W. Ross, Judge.

Bill in equity in state court by G. H. Partin against the Elkhart Carriage & Motor Car Company, removed by defendant to federal court and tried on equity side thereof. From a so-called decree and judgment for plaintiff, defendant appeals. Affirmed.

W. E. Wider, of Elkhart, Ind. (T. A. Lancaster, of Lexington, Tenn., on the brief), for plaintiff in error.

Charles M. Bryan, of Memphis, Tenn. (Bryan & Brode, of Memphis, Tenn., on the brief), for defendant in error.

Before DONAHUE, MACK, and MOORMAN, Circuit Judges.

MACK, Circuit Judge. Pursuant to Tennessee statutory practice, there was filed in the state court a bill in equity, instead of an action at law, for breach of contract in failing to pay an alleged balance of salary due under a contract of employment. The principal defendant removed the case; the codefendants, garnishees, did not appear and were disregarded.

[1] On removal the cause was docketed on the equity side and tried by the District Judge, who entered a so-called decree and judgment for plaintiff. A document, termed a bill of exceptions, is included in the record. The cause is before us on appeal, not on writ of error.

Defendant, which acquiesced in the trial procedure, now asks us to reverse the judgment as a decree in equity, because of the alleged violation of its right to a jury trial, and the failure to follow equity rule No. 22, requiring a transfer to the common-law side whenever it appears that a suit in equity should have been brought as an action at law. The case was one at law, not in equity; it should have been so docketed. The so-called judgment and decree is an ordinary common-law money judgment.

[2] Writ of error, not appeal, is the proper procedure. While section 10 of the Act of February 13, 1925 (Comp. St. Supp. 1925, § 1649b), was not applicable to a judgment or decree theretofore rendered, yet in view of its provisions that such an error is to be disregarded, and in the absence of any motion to dismiss the appeal, we pass the question without further comment.

[3, 4] The state practice, permitting the enforcement of a common-law cause of action in equity, should not have been followed. But defendant, after acquiescing therein up to and after judgment, can no longer complain. It assented to a trial of the issues by the judge; thereby it waived the right to a jury trial; that oral waiver was entirely effective. Equitable Trust Co. v. Denver & R. G. R. Co., 250 F. 327, 162 C. C. A. 397. No special findings were requested; the alleged errors in the course of the trial cannot be reviewed in this court. Law v. U. S., 266 U. S. 495, 45 S. Ct. 175, 69 L. Ed. 401.

Affirmed.