### HACKER v. UNITED STATES.

### JACKSON v. SAME.

(Circuit Court of Appeals, Fifth Circuit. January 4, 1927.)

Nos. 4846, 4831.

**1. Jury ⚖=11(3)—In actions at law in federal court, trial must be by jury, unless waived by agreement.**

It is elementary in federal court that in suits at law the trial must be by jury, unless it is waived by agreement.

**2. United States ⚖=125—Congress authorizing suit against United States may impose terms deemed proper.**

The United States, in consenting to be sued, may impose such terms as are considered proper by Congress.

**3. Jury ⚖=14(2)—In suit on war risk insurance policy plaintiff is entitled to trial by jury (Act March 4, 1925, § 2 [Comp. St. § 9127½—19], amending Act June 7, 1924, § 19; Tucker Act, §§ 5, 6, 10 [Comp. St. §§ 1575, 1576, 1578]).**

Under Act March 4, 1925, § 2 (Comp. St. § 9127½—19), amending Act June 7, 1924, § 19, providing that, in suits on war risk insurance policies, procedure shall be the same as provided in Tucker Act, §§ 5, 6, 10 (Comp. St. §§ 1575, 1576, 1578), plaintiff in such a suit is entitled to a trial by jury.

In Error to the District Court, of the United States for the Northern District of Texas; Wm. H. Atwell, Judge.

Actions by Homer Haynes Hacker, Sr., and by Ralph A. Jackson, against the United States. Judgment for the United States in each case, and plaintiffs bring error. Reversed and remanded.

John Davis, of Dallas, Tex., for plaintiff in error Hacker.

Arthur J. Reinhart, of Dallas, Tex. (Etheridge, McCormick & Bromberg, and Paul Carrington, all of Dallas, Tex., on the brief), for plaintiff in error Jackson.

Henry Zweifel, U. S. Atty., and N. A. Dodge, Asst. U. S. Atty., both of Fort Worth, Tex.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. These two cases were argued at the same time, present identically the same question, and may be disposed of in one opinion.

Plaintiffs in error brought suits to recover on policies of war risk insurance. Adhering to his opinion previously expressed in Allen v. U. S., 10 F.(2d) 807, the District Court sustained motions of the government to try the cases without the intervention of the jury, and rendered judgment in favor of the United States on the law and the facts as found by him. Error is assigned to the action of the court in denying plaintiffs in error a trial by jury.

[1-3] It is elementary in federal courts that, in suits at law, the trial must be by jury, unless it is waived by agreement. Nevertheless, when the United States consents to be sued, she may impose such terms as are considered proper by Congress. McElrath v. U. S., 102 U. S. 426, 26 L. Ed. 189. A decision of the question here presented therefore depends upon the construction of the statutes dealing with the subject.

The War Risk Insurance Act Sept. 2, 1914 (38 Stat. 711 [Comp. St. §§ 514a-514j]), relating to marine insurance, vested jurisdiction in the District Courts sitting in admiralty. This act left no room for differences of opinion as to procedure.

The Act of October 6, 1917 (40 Stat. 398 [Comp. St. § 514a et seq.]), providing for life insurance for the American forces, gave jurisdiction to the District Courts without qualification as to procedure. Congress undoubtedly considered that, the government having entered a field formerly left to private enterprise, litigants were entitled to the usual court procedure, and the Supreme

Court so held. Law v. U. S., 266 U. S. 494, 45 S. Ct. 175, 69 L. Ed. 401.

Thereafter Congress adopted the World War Veterans' Act June 7, 1924 (43 Stat. 607), which superseded the previous War Risk Insurance Acts. Section 19 of this act (Comp. St. § 9127½—19) again vested jurisdiction in the various District Courts, with the provision that the procedure in such suits should otherwise be the same as that provided for in suits in the District Courts under the Tucker Act as amended. The amendments are not material to this case. Section 2 of the Tucker Act March 3, 1887 (24 Stat. 505), provided for the trial of suits in the District Courts without a jury. Undoubtedly, by incorporating the provisions of the Tucker Act in the Act of June 7, 1924, litigants were deprived of a trial by jury.

However, within a year, Congress amended the World War Veterans' Act by the Act of March 4, 1925 (43 Stat. 1302, § 2 [Comp. St. § 9127½—19]), amending section 19 of that act, so far as governs jurisdiction and procedure in the District Courts, to read as follows:

"In the event of disagreement as to claim under a contract of insurance between the Bureau and any person or persons claiming thereunder an action on the claim may be brought against the United States either in the Supreme Court of the District of Columbia or in the District Court of the United States in and for the district in which such persons or any one of them resides, and jurisdiction is hereby conferred upon such courts to hear and determine all such controversies. The procedure in such suits shall be the same as that provided in sections 5 and 6 of the act entitled 'an act to provide for the bringing of suits against the government of the United States,' approved March 3, 1887, and section 10 thereof in so far as applicable."

Sections 5, 6, and 10 follow:

"That the plaintiff in any suit brought under the provisions of the second section of this act shall file a petition, duly verified with the clerk of the respective court having jurisdiction of the case, and in the district where the plaintiff resides. Such petition shall set forth the full name and residence of the plaintiff, the nature of his claim, and a succinct statement of the facts upon which the claim is based, the money or any other thing claimed, or the damages sought to be recovered and praying the court for a judgment or decree upon the facts and law."

"That the plaintiff shall cause a copy of his petition filed under the preceding sec-

tion to be served upon the district attorney of the United States in the district wherein suit is brought, and shall mail a copy of the same, by registered letter, to the Attorney General of the United States, and shall thereupon cause to be filed with the clerk of the court wherein suit is instituted an affidavit of such service and the mailing of such letter. It shall be the duty of the the district attorney upon whom service of petition is made as aforesaid to appear and defend the interests of the government in the suit, and within sixty days after the service of petition upon him, unless the time should be extended by order of the court made in the case to file a plea, answer, or demurrer on the part of the government, and to file a notice of any counterclaim, set-off, claim for damages, or other demand or defense whatsoever of the government in the premises: Provided, that should the district attorney neglect or refuse to file the plea, answer, demurrer, or defense, as required, the plaintiff may proceed with the case under such rules as the court may adopt in the premises; but the plaintiff shall not have judgment or decree for his claim, or any part thereof, unless he shall establish the same by proof satisfactory to the court."

"That when the findings of fact and the law applicable thereto have been filed in any case as provided in section six of this act, and the judgment or decree is adverse to the government, it shall be the duty of the district attorney to transmit to the Attorney General of the United States certified copies of all the papers filed in the cause, with a transcript of the testimony taken, the written findings of the court, and his written opinion as to the same; whereupon the Attorney General shall determine and direct whether an appeal or writ of error shall be taken or not; and when so directed the district attorney shall cause an appeal or writ of error to be perfected in accordance with the terms of the statutes and rules of practice governing the same: Provided, that no appeal or writ of error shall be allowed after six months from the judgment or decree in such suit. From the date of such final judgment or decree interest shall be computed thereon, at the rate of four per centum per annum, until the time when an appropriation is made for the payment of the judgment or decree." Comp. St. §§ 1575, 1576, 1578.

Basing his decision on the concluding sentence of section 6, to the effect that the plaintiff shall not have judgment unless he establish his claim by proof satisfactory to the court, and the requirement of section 10

that the district attorney transmit the opinion and findings of the court to the Attorney General, the learned District Judge held that the amendment of 1925 did not restore the right of trial by jury. In this we think he was in error.

The proviso of section 6 may be given full force and effect by restricting it to those cases in which the United States fails to appear and plead and so prevent the entering of judgment merely on the sworn petition. As applied to other cases, it is unnecessary and useless.

With regard to the requirement of section 10 as to the opinion and findings of the court, as pointed out in Whitney v. U. S. (C. C. A.) 8 F.(2d) 476, which we cite with approval, this may be given effect in those cases where the parties waive the jury, and be disregarded in jury trials under the plain provisions of the amendment.

By adopting sections 5, 6, and 10 of the Tucker Act, Congress provided for uniform pleading, regardless of state practice, and made certain the method of serving process and to that extent the legislation was desirable. The conclusion is irresistible, however, that by omitting section 2 of said act, Congress intended to give litigants the right of trial by jury as in ordinary cases. If there could be any doubt of this, the report of the committee of the House in presenting the bill, referred to in Whitney v. U. S., supra, removes it.

Reversed and remanded.