### CUSHNY et al. v. CROWE et al.

Circuit Court of Appeals, Eighth Circuit. November 14, 1929.

No. 8543.

C. W. German, of Kansas City, Mo. (Lee C. Hull and C. Z. German, both of Kansas City, Mo., on the brief), for appellants.

William M. Matthews, of Kansas City, Mo. (A. N. Gossett, of Kansas City, Mo., on the brief), for appellee Crowe.

Before STONE, Circuit Judge, and MUNGER and REEVES, District Judges.

MUNGER, District Judge. This is an appeal from a judgment in an action at law in which a jury was waived by the written consent of the defendants. The case was dismissed by the court for want of jurisdiction. In the amended petition the plaintiffs were Nancy Bell Cushny and Nancy Bell Cushny, trustee. The defendants were J. R. Crowe, Jr., and Theodore Remley, trustee. The plaintiffs were citizens of New York and both defendants were citizens of Missouri, when the action was brought. In an opinion[1] filed by the district judge, he reached the conclusion that the defendant Remley, trustee, should be aligned as an indispensable party with the plaintiff, and that therefore there was no proper diversity of citizenship between Remley and the defendant Crowe. The petition of the plaintiffs declared upon a written contract making a property settlement between defendant Crowe and his wife, Nancy Bell Crowe, anticipatory to divorce proceedings. Nancy Bell Crowe by a later marriage became Nancy Bell Cushny. The contract recited that Crowe had conveyed a large amount of real property and stocks in corporations to his wife, and to his wife and Remley as trustees, half of which was to be held and controlled by the trustees as trustees for a daughter of Crowe and his wife. It was provided that the wife should receive the income from the property in the trust estate and use it for the care and education of the daughter, and not be held to make any report or accounting of the income. The trustees were given power to sell any of the trust estate.

This suit was based upon the following portion of the contract:

"J. R. Crowe, Jr. hereby guarantees that Nancy Bell Crowe and said Trustees will together receive annually within each yearly period ending May 15th of each year, after May 15th, 1922, from the earnings of the property listed in said schedule the aggregate sum of Twenty Thousand Dollars. Should the aggregate amount received by them in any such annual period from said earnings be less than Twenty Thousand Dollars, J. R. Crowe, Jr. shall pay to said Nancy Bell Crowe and said Trustees the difference between the sum received by them and Twenty Thousand Dollars, and said Nancy Bell Crowe and said Trustees shall not be required to repay from either past or future earnings of said property, to J. R. Crowe, Jr. any sum which he may be required to pay by the terms hereof, nor shall they be held to be indebted to him in any manner on account of such payments. Said J. R. Crowe, Jr. shall have thirty (30) days in which to make such payment, after notice has been mailed to him at his last known address, which notice shall contain an itemized statement of the income realized from said property during the entire year last past, prior to the date of said notice. If during such thirty (30) day period said Nancy Bell Crowe and said Trustee shall receive any earnings from the properties listed in said schedule for the previous year, such amounts so received shall apply in fulfillment of said guaranty."

Another portion of the contract provided that if any of the property was sold by the trustees or by Mrs. Crowe, the guaranty should be reduced proportionately. Crowe also agreed to pay his wife $1,000 per month after May 15, 1922, as an advance against the guaranteed income she was to receive. The petition of the plaintiffs alleged a failure to receive the amount of the guaranteed income and asked a judgment against Crowe for the balance of the $20,000 per year that Mrs. Crowe was to receive. The petition alleged a request to Remley, as trustee, to join as a plaintiff and his refusal, and prayed judgment in favor of Nancy Bell Cushny individually and of Nancy Bell Cushny, as trustee, and of Remley, trustee, for the balance alleged to be due. The answer of the defendant Crowe included a denial that Remley had been requested to join as plaintiff or had refused to join. There was testimony taken at the trial before the court.

There are fifteen assignments of error. Eleven of them allege that the court erred in holdings made. These assignments are based upon statements made by the court in opinions filed in the case. No special findings of fact were made, and no requests were made for any declaration of law. These assignments of error cannot be considered because the opinions of the court are not the equivalents of the special findings of fact within the meaning of sections 649, 700 of the Revised Statutes (28 U. S. Code, §§ 773, 875). United States v. Sioux City Stock Yards Co. (C.

---

[1] Memorandum opinion.

C. A.) 167 F. 126; York v. Washburn (C. C. A.) 129 F. 564; Java Cocoanut Oil Co. v. Pajaro Valley Nat. Bank (C. C. A.) 300 F. 305.

▇ Two assignments allege that the court erred in refusing to find certain facts. No request for findings was made, but the making of findings was discretionary with the court. Ozark Pipe Line Corporation v. Decker (C. C. A.) 32 F.(2d) 66.

▇▇ The remaining assignments allege, in substance, that the court erred in dismissing the case. This question does not arise upon any rulings made in the course of the trial, upon objection or exception properly presented, nor can the evidence be considered. Law v. United States, 266 U. S. 494, 45 S. Ct. 175, 69 L. Ed. 401; Lehnen v. Dickson, 148 U. S. 71, 13 S. Ct. 481, 37 L. Ed. 373. By these assignments a question of law is presented arising on the face of the record (City of Mankato v. Barber Asphalt Paving Co. [C. C. A.] 142 F. 329) whether the judgment of dismissal for want of jurisdiction is supported by the pleadings. It is claimed by appellants that the contract as pleaded shows that the trustees were only passive agents, mere conduits through whom the money to be paid by Crowe might pass, that Mrs. Crowe was the real party in interest because she was entitled to hold the money to be paid without accounting to any one for its expenditure, and that Remley, as trustee, was not an indispensable party to the action. By the terms of the contract payments were to be made to the trustees. If payments were not made, it is clear that the trustees would have an active duty to perform, requiring the exercise of judgment and discretion, in seeking to make collection of the amount due by suit or otherwise.

The trustees would be entitled to a reasonable compensation for the performance of their duties, would have the right to employ counsel, and to select the forum in which to bring suit. Whether or not Mrs. Crowe as trustee was entitled to expend the amounts received as income from the trust property without regard to the care, maintenance, and education of her daughter, no express provision of a similar nature is found in the contract as to the money to be paid by Crowe to her and the trustees to make up any deficiency of income received from the trust estate. It is expressly provided that such deficiency shall be paid to her and to the trustees. The legal title to the property conveyed to the trustees was in them. In a suit of this nature, the defendant was entitled to have credit because of property sold by the trustees, or because of income received by or because of money paid to the trustees by Crowe. We think that the trustees had an active duty to perform in the collection of money such as was sought to be recovered in this suit, and if willing to perform the duties of the trust, were indispensable parties plaintiff.

It is alleged that Remley, as trustee, had refused to join as a party plaintiff, and for that reason he properly has been made a party defendant. Some argument is devoted to the good faith of this alleged refusal, in view of the answer filed by him in which he states that he joins in the prayer of the petition, and because of circumstances gleaned from the evidence and prior proceedings in the case. Remley, in his answer, admits that he had refused to join as a party plaintiff, but the defendant Crowe denied that he had made such a refusal. As we cannot consider the evidence, the fact is left unproved by the pleadings as against the appellee Crowe. Whether such a refusal, if it had been made, would have required that Remley, as trustee, should be aligned as a defendant and not as an indispensable party plaintiff is a question that does not arise upon this record. No reversible error appears in the ruling of the trial court and the judgment will be affirmed.