## HOMESTAKE OIL CO. v. RIGLER.

### No. 5990.

Circuit Court of Appeals, Ninth Circuit.

March 24, 1930.

Smith & Eickemeyer, of Great Falls, Mont., for appellant.

Hurd, Hall & McCabe and H. C. Hall, all of Great Falls, Mont., for appellee.

Before DIETRICH and WILBUR, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge.

Appellant seeks relief from a judgment in the lower court for dividends on its corporate stock held by appellee. Appellee, as receiver of a bank, in his complaint alleges his official relation and indebtedness to the bank by one Julius C. Peters and transfer and assignment of 6,000 shares of the capital stock of the appellant company as collateral security for such indebtedness, and alleges that at the time of the assignment and transfer it was agreed between Peters and the receiver that all dividends which should be declared on the appellant's stock held by the receiver should be paid to the receiver; that the receiver remained the holder of such certificates of stock and indebtedness and assignment during all of the times involved in this suit, and that, after such assignment, dividends were declared upon the stock held by the receiver in the sum of $3,000 for the year 1924 and in a like sum for the year 1925; that on the 23d day of February, 1924, or immediately thereafter, the receiver gave notice to the appellant that he was the owner of such shares of stock, and entitled to all dividends declared thereon subsequent to the 23d day of February, 1924, and that thereafter demand was made by the receiver on the appellant for the payment of the accrued and declared dividends on the stock held by the receiver, and payment was refused. Issue

41

was joined by a denial by the appellant. A jury was waived, and, after hearing the evidence, the court rendered an opinion in writing, which, among other things, said:

"From the positive assertions of witnesses for plaintiff and the admissions of witnesses for the defendant as to conversations had with the receivers, it seems to have been convincingly established that the corporation had notice that the stock had been pledged and that dividends had been assigned."

No exception is taken to any ruling of the court, nor special findings requested or made. No ruling of the court being challenged, and no special finding requested or made, and no exceptions to the findings of the court in its decision, if the complaint is sufficient, aided by all lawful intendments, the judgment must be affirmed. World's Columbian Exposition Co. v. Republic of France (C. C. A.) 91 F. 64; Northern Idaho & Montana Power Co. v. A. L. Jordan Lumber Co. (C. C. A.) 262 F. 765. See, also, Law v. United States, 266 U. S. 494, 45 S. Ct. 175, 69 L. Ed. 401; Fleischmann Co. v. United States, 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624; Humphreys v. Third Nat. Bank (C. C. A.) 75 F. 852; Macomber v. Goldthwaite (C. C. A.) 22 F.(2d) 638. The complaint is clearly sufficient, especially so by aid of all lawful intendments, unless section 5954, Revised Codes of Montana, 1921, as contended by appellant, controls.

"5954. *Transfer of Shares*—When title passes. The delivery of a stock certificate of a corporation to a bona fide purchaser or pledgee for value, together with a written transfer of the same, or a written power of attorney to sell, assign, and transfer the same, signed by the owner of the certificate, shall be a sufficient delivery to transfer the title as against the creditors of the transferor and subsequent purchasers, but no such transfer shall affect the *right of the corporation to pay any dividend due upon the stock*, or *treat the holder of record as the holder in fact*, until such transfer is recorded upon the books of the corporation, or a new certificate is issued to the person to whom it has been transferred." (Italics supplied.)

The obvious purpose of the statute is to protect the corporation in the payment of dividends upon its stock. Dividends in a corporation are property and subject of contract. Willis v. Lauridson, 161 Cal. 106, 118 P. 530; Cogswell v. Second Nat. Bank, 78 Conn. 75, 60 A. 1059; New Jersey Car Spring & Rubber Co. v. Fields, 85 N. J.

Law, 217, 88 A. 1031; Bank of Waverly v. Daily, 103 Neb. 7, 170 N. W. 183; Harris v. Stevens, 7 N. H. 454; Hyatt v. Allen, 56 N. Y. 553, 15 Am. Rep. 449. In the absence of statute or by-law, notice of transfer is not necessary. Porter v. Hartley, 67 Mont. 244, 216 P. 344; Farmers' Exchange v. Lowney Co., 95 Vt. 445, 115 A. 507. The corporation is protected in paying dividends to the record owner until notified of assignment and right to collect the dividends. 14 C. J. 819. By the statute, title to stock passes by delivery, but, unless transferred on the books of the corporation, dividends may be paid to registered owner, but, if notice of transfer is otherwise given, dividends must be paid to the assignee or person authorized by contract to receive them. This statute has no application to the issue before this court. The findings of the trial court, sustaining the allegations of the complaint, being conclusive, there is nothing open for review.

Affirmed.