## LUTTRELL v. UNITED STATES.

### PETREE v. SAME.

### Nos. 5472, 5473.

Circuit Court of Appeals, Sixth Circuit.
June 13, 1930.

Forrest Andrews, of Knoxville, Tenn., for appellants.

Everett Greer, of Knoxville, Tenn. (John H. Doughty, of Knoxville, Tenn., and C. M. Charest and Miles J. O'Connor, both of Washington, D. C., on the brief), for the United States.

Before DENISON, Circuit Judge, and COCHRAN and JONES, District Judges.

PER CURIAM.

These were actions brought to recover deficiency assessments of income tax, the actions being based on the theory that the deficiency assessments were wrongful. The cases were tried before the court without a jury. The records contain what is called an agreed statement of facts, but they present no legal question within our power to review. The facts, evidential and ultimate, so stated, present the question whether the stockholding interests of plaintiffs in a new, post-bankruptcy corporation were so far a continuation of their former stock interests in the bankrupt corporation that the value of the old stock could be tacked to the additional cost of the new, in computing profits when later the sale of the new was made. This question was submitted generally to the trial judge, without distinction as to whether it was a question of fact or of law or of both. Its solution depended on inferences to be drawn from the stated facts. Intent might be important. In such a situation we can review only if there has been a request for a judgment to which the party deems himself entitled as a matter of law upon the facts, found or undisputed, by analogy to a request

518

for a directed verdict. Law v. U. S., 266 U. S. 494, 45 S. Ct. 175, 69 L. Ed. 401; Oyler v. Cleveland, etc., Ry. (C. C. A. 6) 16 F.(2d) 455. No such requests were made; but even if a submission on agreed facts ought, perhaps, to be considered as implying a request by each party for judgment in his favor as one to which he is entitled as a matter of law, yet error does not here appear. A judgment for defendant upon facts found can be erroneous only when judgment for plaintiff is imperative. Identity and continuity of investment, before and after, are not here found as ultimate facts; the form of the transaction contradicts such continuity; and in view of the presumption that the Commissioner's computations of cost and value are correct, we cannot say that there was such a clear mistake as compels a court to overrule him.

We have less hesitation about this result because it appears that the plaintiffs, as controlling stockholders, deliberately brought about the bankruptcy and sale, for the purpose of coercing the minority stockholders into making additional investments. Plaintiffs thereby made the minority stock worthless. Their claim is that their own stock continued with unimpaired value. The failure of this claim does not seem to be a miscarriage of justice.

The judgments are affirmed.