## UNITED STATES v. KELLY.

No. 7098.

Circuit Court of Appeals, Fifth Circuit.

Jan. 6, 1934.

Randolph C. Shaw, Sp. Asst. to Atty. Gen., Hal Lindsay, Asst. U. S. Atty., of Atlanta, Ga., and Vaux Owen, Atty., Veterans' Administration, of Atlanta, Ga., for appellant.

Thomas M. Stubbs, of Atlanta, Ga., for the United States.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

Appellee brought suit as guardian of her insane husband, James J. Kelly, to recover on a policy of war risk insurance issued to him while a soldier in the Army of the United States, on the ground that, though there was default in the payment of premiums thereafter, he had become totally and permanently disabled before his discharge from the army while the policy was in force. The jury was waived by written stipulation, under the provisions of 28 USCA § 773. The judge heard the witnesses in open court, and at the conclusion of the evidence denied a motion of appellant for judgment; declined to find the facts specially as requested by defendant; and found as a fact from the evidence that the insured was permanently and totally disabled within the meaning of the contract of war risk insurance on July 8, 1919, the date of his discharge from the army, and continuously thereafter. On this finding judgment was entered for a total of $4,743.75. Error is assigned to the finding of facts made by the court, to the entering of judgment thereon, to the overruling of appellant's motion for judgment, and to the refusal of the court to find the facts as specially requested by appellant. These assignments may be considered together.

■ It is well settled that under the provisions of the statute it was discretionary with the court to find the facts generally or specially. And where there is any substan-

tial evidence to support the conclusions of the District Court we are not at liberty to set the judgment aside. Bank of Waterproof v. Fidelity & Deposit Co. (C. C. A.) 299 F. 478; Law v. U. S., 266 U. S. 494, 45 S. Ct. 175, 69 L. Ed. 401. The evidence was conflicting and the case presented is close. Without reviewing the facts shown, it is sufficient to say that there was substantial evidence tending to prove that Kelly was insane at the time of his discharge and was thereafter unable to continuously follow any gainful occupation because of his mental condition. This was sufficient to support the judgment. U. S. v. Cox (C. C. A.) 24 F.(2d) 944. While premiums were not paid to keep the policy alive, none was due after the occurrence of total and permanent disability. Error does not appear from the above-mentioned assignments.

Other assignments are also without merit and require no discussion. The record presents no reversible error.

Affirmed.