**DEVINE et al. v. ZIMMERMAN et al.**
**No. 12414.**

Circuit Court of Appeals, Eighth Circuit.

Feb. 18, 1943.

Ira B. Burns, of Kansas City, Mo., for appellants.

Guy W. Runnion and C. W. Prince, both of Kansas City, Mo., for appellees.

Before GARDNER, JOHNSEN, and RIDDICK, Circuit Judges.

GARDNER, Circuit Judge.

This was an equity suit brought by appellees as plaintiffs seeking the specific enforcement of a contract for the sale of certain real estate. The parties will be referred to as they were designated in the trial court.

Plaintiffs alleged that they had entered into a contract in writing with the defendants by which they sold to the defendants a certain hotel property, including the fixtures and furnishings contained therein for the consideration of $30,000, $500 of which consideration was paid at the signing of the contract; a copy of the contract was attached to the complaint and by proper reference made a part thereof.

Defendants, after their motion to dismiss and plea of abatement had been overruled, answered alleging that the contract sued upon among other things provided that title to said real estate should be taken in Margaret C. Devine and Nancy C. Devine, and that Margaret C. Devine and Nancy C. Devine were not parties to said contract, nor parties to the suit, and that the court was without jurisdiction to require them or the defendants to execute the note or deed of trust mentioned in the contract, that defendants at the time of executing the contract and pursuant to the terms thereof, had deposited with the Kansas City Title Insurance Company $5,000 and had paid to plaintiffs $500 and had also paid to plaintiffs $75 as representing one-half of the escrow fee and title insurance policy fee. The answer challenged the complaint on the ground that it did not state facts from which full and complete relief might be granted to either the plaintiff or the defendant. The answer then affirmatively alleged that plaintiffs had intentionally misrepresented facts with reference to the property in that they had represented that the property could be used as a diagnostic clinic and hospital "under the laws of Missouri and the ordinances of Kansas City, Missouri" which representations the defendants believed and relied upon and which were false. Defendants then prayed that the contract be cancelled and rescinded and that defendants be released from any obligations thereunder and that there be refunded to them all money and funds which they had paid or deposited on account of said contract.

On trial the court denied specific performance as prayed by plaintiffs and likewise denied rescission and cancellation as prayed by defendants. The court found that the parties to the suit had entered into the contract alleged and found that it represented the agreement of the minds of the parties, that there was no misrepresentation made at any time by the plaintiffs to induce the defendants to sign the contract but that it was voluntarily signed by the parties with full understanding of the subject matter without any misrepresentation of any character or any misleading statements inducing defendants to sign it. The court also found that the defendants had not complied with the terms of the contract. The court concluded that the plaintiffs were not entitled to specific performance because such a decree could not be enforced in that the Kansas City Title Company was not a party and the wives of the defendants, to-wit: Margaret C. Devine and Nancy C. Devine, were not parties either to the contract or to the suit, and the court was without authority to make any order binding upon either of these parties. The court also concluded as a matter of law that the defendants were not entitled to a rescission or cancellation of the contract. Defendants have appealed from the "judgment and decree against them on defendants' petition and prayer for cancellation and rescission of the contract, which is the subject matter of this action, and from the judgment assessing costs against these defendants, * * * also from the judgment and ruling of the court overruling these defendants' pleas in abatement and pleas to the jurisdiction of the court."

Defendants seek reversal on the following grounds: (1) The court erred in not doing full equity in the premises under the pleadings and evidence, and in failing to dispose of and adjudicate all matters involved; (2) The court erred in finding

that the parties had a full understanding of the subject matter without any misrepresentation of any character or any misleading statement inducing the defendants to sign the contract; (3) The judgment and findings of the court on defendants' answer and cross petition are contrary to the law and the evidence under the law, and are against the weight of the evidence.

In an opinion filed in connection with its findings and conclusions the court expressed the view that it should not make a decree of specific performance of a contract which it could not enforce. That the Kansas City Title and Insurance Company was not a party to the suit, nor were Margaret C. Devine and Nancy C. Devine, wives of the two defendants, parties to either the contract or parties to the suit. The plaintiffs have not appealed. In the lower court the defendants both by motion to dismiss and by answer, urged that the court had no jurisdiction to require Margaret C. Devine and Nancy C. Devine to execute the note or deed of trust required by the contract to be executed, and hence, the court ought not to grant specific performance of the contract. In this view the court apparently agreed with the defendants and if it erred in so doing the error was induced by defendants and cannot be urged by them. This is so elementary as not to require the citations of authorities, but see Law v. United States, 266 U.S. 494, 45 S.Ct. 175, 69 L.Ed. 401; Mercelis v. Wilson, 235 U.S. 579, 35 S.Ct. 150, 59 L.Ed. 370; Pitcairn v. Fisher, 8th Cir., 78 F.2d 649; Union Electric Light & Power Co. v. Snyder Estate Co., 8th Cir., 65 F.2d 297. The specific enforcement of a contract by a court of equity is not a matter of absolute right, but of grace, resting in the sound judicial discretion of the court. Houtz v. Hellman, 228 Mo. 655, 128 S.W. 1001; Oklahoma National Gas Corp. v. Municipal Gas Co., 10th Cir., 38 F.2d 444; Pope Mfg. Co. v. Gormully, 144 U.S. 224, 12 S.Ct. 632, 36 L.Ed. 414. It is noted too in passing, that the dismissal of the suit was without prejudice. We are not called upon to decide whether in the exercise of its discretion the court should have dismissed plaintiffs' cause of action, because the plaintiffs have not appealed and defendants are not entitled to complain of any action of the court induced by themselves. In passing it should be observed that plaintiffs also complain of this action of the court in dismissing their complaint, but not having appealed they cannot be heard to complain of the judgment as entered. Barnsdall Refining Corp. v. Cushman-Wilson Oil Co., 8th Cir. 97 F.2d 481; United States v. Ten Cases Bredd Spred, 8th Cir., 49 F.2d 87.

In their cross-complaint defendants alleged that prior to entering into contract with plaintiffs to purchase the real estate, defendants informed the plaintiffs that they wanted to purchase the property only if it could be used as a diagnostic clinic and hospital under the law. They alleged that they were ignorant as to how the property was zoned or how the building code of Kansas City was applicable, but that plaintiffs represented to them and caused them to be assured that the property could be used as a diagnostic clinic and hospital under the laws of Missouri and the ordinances of Kansas City, Missouri. They also alleged that they relied upon these representations and were induced thereby to enter into the contract. Plaintiffs challenge the sufficiency of these allegations as the basis for defendants' cross complaint seeking cancellation of the contract. However, as the court specifically found that the representations alleged by defendants to have been made by plaintiffs were not in fact made it would seem to be immaterial whether as a matter of law they were sufficient to sustain defendants' asserted right of cancellation. "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. United States v. Armature Rewinding Co., 8th Cir., 124 F.2d 589; First Trust & Savings Bank v. Iowa-Wisconsin Bridge Company, 8th Cir., 98 F.2d 416. Unless clearly against the weight of the evidence these findings must be sustained. A searching review of the evidence is, we think, quite unnecessary. The burden of proof as to this issue of fraud was, of course, upon the defendants. It appeared from undisputed evidence that the plaintiffs were not in the first instance attempting to sell their property but they were solicited by the defendants who wished to purchase it. The parties to the contract were strangers to each other, they were all intelligent, the contract which they knowingly entered into made no reference to how the property was zoned or its suitability for any specific purpose. It was used as a hotel

when the contract was entered into, it was thoroughly examined and inspected by defendants, and they were not prevented by any acts of the plaintiffs from making a thorough investigation both as to the character of the property and how it was classified by the zoning ordinance. In a letter written to plaintiffs by one of the defendants prior to signing the contract, it is said that he had consulted "our hotel supply friend regarding the Lyndhurst Hotel". This friend expressed the view that it was a poor investment but the writer of the letter said "however, with some fixing up we could use it as an office and hotel bldg. and are still willing to pay about what you paid the insurance company for it". It appears, also, not only that defendants repeatedly inspected the property, but they went to the office of the Zoning Commissioner of Kansas City and secured a letter from him. To be sure, there is some dispute in the evidence with reference to what was said by plaintiffs relative to the matter in dispute, but all conflicts in the evidence have been resolved by the court who heard the witnesses in favor of plaintiffs. Defendants had equal means of information with the plaintiffs and an examination of the evidence convinces us that the court's finding on this issue is sustained by abundant proof.

The judgment appealed from is, therefore, affirmed.