## PROUTY v. UNITED STATES.
### Civ. No. 841.

United States District Court
D. New Hampshire.

Oct. 24, 1950.

Devine & Millimet, Joseph A. Millimet, David S. Maclay, all of Manchester, N. H., for plaintiff.

John J. Sheehan, U. S. Atty., Concord, N. H., for defendant.

CONNOR, District Judge.

On the pleadings, the issue raised is whether the plaintiff's demand for jury trial should be granted. The action is brought under the War Risk Insurance Act of 1917, 40 Stat. 409, the World War Veterans' Act of 1924, 43 Stat. 607, as amended, 38 U.S.C.A. §§ 421–445 and following, and the National Service Life Insurance Act of 1940, 54 Stat. 1008–1014, as amended, 38 U.S.C.A. § 801, and following.

The defendant contends that the court should grant its motion to strike demand upon the premise that under the terms of Title 28 U.S.C.A. § 2402 trial by jury is denied in certain suits against the United States as enumerated in section 1346 of the same title, and that this is one within such category.

The jurisdictional and procedural aspects of the statute under which this action is brought have more than brief legislative and judicial history. Enacted in 1917, 40 Stat. 409–410, jurisdiction was conferred upon the United States District Court for the district in which any of the beneficiaries resided. No mention was made therein concerning the matter of trial by jury, but such procedure was followed until 1924, when it was provided by Congress, 43 Stat. 607–613, that the procedure was to be that established for suits in district courts by "An act to provide for the bringing of suits against the Government of the United States", approved March 3, 1887, as amended, commonly known as the Tucker Act, 24 Stat. 505. A further amendment followed in 1925, 43 Stat. 1302–1303. Thereunder, the procedure in such suits was to be the same as that provided in sections 5 and 6 of the foregoing Act, 38 U.S.C.A. §§ 457, 471, but no reference was made to section 2 thereof, 38 U.S.C.A. § 445, which had precluded trial by jury. By judicial interpretation, it has been held that the amendment entitled the plaintiff in suits of this nature to a jury trial. Whitney v. United States, 9 Cir., 8 F.2d 476; Hacker v. United States, 5 Cir., 16 F.2d 702. Cited in support of the conclusions there reached is H.R.Rep.No. 1518, 68th Congress, 2d Session 2, indicative of the congressional intent to grant "the claimant the right to a jury trial." This procedure generally obtained to the enactment of the National Service Life Insurance Act of 1940, 38 U.S.C.A. §§ 801, 817, 54 Stat. 1008–1014, wherein it was adopted and continued. Beginning in the first enactment of this legislation, jurisdiction was lodged exclusively with the district court, and subsequent statutes have retained this proviso. Holliday v. United States, 87 F.Supp. 367, 368, 114 Ct.Cl. 702; Mara v. United States, D.C., 54 F.2d 397, 399; United States v. McGovern, 9 Cir., 299 F. 302; United States v. Pfitsch, 256 U.S. 547, 41 S.Ct. 569, 65 L.Ed. 1084; Law v. United States, 266 U.S. 494, 45 S.Ct. 175, 69 L.Ed. 401; Salzer v. United States, D.C., 300 F. 764, affirmed 2 Cir., 300 F. 767.

I am therefore constrained to reject the contention of the defendant that section 1346 of Title 28 U.S.C.A., in its summary of the district court's original ju-

risdiction concurrent with the court of claims, comprehends suits growing out of a disagreement as to a claim under a contract of insurance issued pursuant to the Act of 1940. Its enactment had as its objective consolidation and clarification of various prior enactments relating to jurisdiction of district courts, and does not purport to enlarge previously existing jurisdictional grants. Title 28 United States Code Congressional Service, 80th Congress, 2d Session, Revisor's Notes, section 1346, p. 1841.

Defendant's motion to strike demand for jury trial is denied.