### WILLIAMS v. UNITED STATES.
Civ. No. 719.

United States District Court
S. D. Texas, Corpus Christi Division.

Feb. 6, 1951.

Keys & Holt, Corpus Christi, Tex., for plaintiff.

Brian S. Odem, U. S. Dist. Atty., Bruce R. Merrill, Asst. U. S. Atty., Houston, Tex., for defendant.

ALLRED, District Judge.

Action on a National Service Life Insurance Policy, issued to James O. Williams, Sr., a World War II Veteran, in which Plaintiff was beneficiary.

Timely demand for jury trial was made by Plaintiff under Rule 38, Federal Rules of Civil Procedure, 28 U.S.C.A. Thereafter the Court, by letter, directed Counsel's attention to Burke v. U. S., D.C. Pa., 85 F.Supp. 93, 98, affirmed, 3 Cir., 176 F. 2d 438, holding that the claimant was not entitled to a jury trial in an action against the Government based on a National Service Life policy. Since that time, however, the Court of Appeals for this Circuit reversed Cardwell v. United States, 5 Cir., 186 F.2d 382 (a National Service Life case), where the trial court had instructed a verdict for the United States. The Court held that there was sufficient evidence to warrant submission of the issue of fraud to a jury. While the question of the *right* to a jury trial was neither raised nor discussed, it was implicit in the decision; Cf. Woodward v. United States, 8 Cir., 167 F. 2d 774 (holding that whether Plaintiff was a brother of the insured was a question for the jury); also Gann v. Meek, 5 Cir., 165 F.2d 857.

I have re-examined, therefore, Burke v. U. S., supra. That portion of the District Court's opinion, 85 F.Supp. 98, dealing with this question, reads as follows:

"(11) Trial was had before the Court sitting without a jury, despite the Plaintiff's insistence on a jury trial. The Court was impelled to hear this case without a jury because this action is against the Government and Amendment 7 of the Constitution, guaranteeing trial by jury, has no application in its own force in actions against the Government on War Risk Policies. Jury trials are not a matter of right for persons asserting claims against the sovereign. Galloway v. U. S., 1943, 319 U. S. 372, 63 S.Ct. 1077, 87 L.Ed. 1458, Rehearing denied 320 U. S. 214, 63 S.Ct. 1443, 87 L.Ed. 1851. Furthermore, the procedure in actions of this kind are governed generally by the Tucker Act, Title 28 U.S.C.A., § 41, Subdivision 20 (now § 2402), which provides inter alia: 'All suits brought and tried under the provisions of this paragraph shall be tried * * * without a jury.' At the close of the testimony the additional Defendants presented a Motion to Dismiss the Plaintiff's Case, and to enter a Directed Verdict for Mary Burke, Additional Defendant. *In the light of Plaintiff's failure to meet her burden of proof as set out above, this Court would have been compelled to enter a directed verdict for the additional Defendant, Mary Burke, even though the case had been tried before a jury, so that the question of the Plaintiff's right to a jury in this case becomes, in a large measure, only academic.*" (Emphasis supplied.)

The emphasized portion of the foregoing discloses that the discussion of the *right* to jury trial is dicta. The question was not discussed by the Court of Appeals, but the trial court's opinion was expressly approved. In view of the importance of the question and my conclusion that the parties here *are* entitled to a jury, I feel that I should set out my reasons.

Actions on National Service Life Insurance claims are authorized by 38 U.S. C.A. § 817, reading as follows:

"*§ 817. Suits in event of disagreement as to claims*

674

"In the event of disagreement as to any claim arising under this chapter, suit may be brought in the same manner and subject to the same conditions and limitations as are applicable to the United States Government life (converted) insurance under the provisions of sections 445 and 551 of this title. As amended July 11, 1942, c. 504, § 6, 56 Stat. 659; Aug. 1, 1946, c. 728, § 14, 60 Stat. 788."

Section 551 (dealing with attorney's fees, etc.), is not relevant. Section 445 is a part of the World War Veteran's Relief Act of 1924, as amended. It expressly confers jurisdiction upon the District Courts to hear and determine all controversies under a contract of insurance; and provides that the *procedure* shall be the same as provided in Sections 762, 763 and 765 of Title 28 "so far as applicable". [1]

These sections are discussed in detail in Hacker v. U. S., 5 Cir., 16 F.2d 702, expressly holding that in actions on war risk insurance contracts, the plaintiff was entitled to a jury trial, and expressly approving Whitney v. U. S., 9 Cir., 8 F.2d 476. The Hacker and Whitney cases are cited with apparent approval in Galloway v. U. S. 319 U. S. 372 at page 389, 63 S.Ct. 1077, at page 1086, 87 L.Ed. 1458, in which the same holding is implicit, though not so clearly stated. U. S. v. Salmon, 5 Cir., 42 F.2d 353, follows the Hacker case.

Burke v. U. S., supra, cites Galloway v. U. S., supra, to the effect that jury trials are not a matter of right for persons asserting claims against the sovereign; but overlooks that Mr. Justice Rutledge points out in a footnote on page 389 of 319 U. S., on page 1086 of 63 S.Ct., 87 L.Ed. 1458, that, while Congress in amending the Act (permitting suits on War Risk Insurance policies) provides for suits under the Tucker Act (in which jury trial was *denied*), "However, within a year (in 1925) Congress amended that Act (43 Stat. 1302) with the intention to 'give the claimant the right to a jury trial.' H.R. Rep. No. 1518, 68th Cong., 2d Sess., 2."

The Burke case further basis its conclusion upon the provisions of 28 U.S.C.A. § 2402, pointing to the fact that it is derived from the Tucker Act, old Title 28 U.S.C.A. § 41 (20), the same reasoning as in Allen v. U. S., D.C. Tex. 10 F.2d 807, expressly disapproved in Hacker v. U. S. supra.

28 U.S.C.A. § 2402 reads as follows:

"*Jury trial denied in actions against United States*

"Any action against the United States under section 1346 of this title shall be tried by the court without a jury. [June 25, 1948, c. 646, 62 Stat. 971.]" [2]

 I cannot believe that Congress, in re-enacting Section 2402 in substantially the same language, which had been construed by the courts as guaranteeing a jury trial, repealed that right. Repeals by implication are not favored. Especially should this be true in a field of legislation where Congress has manifested a continuing and growing concern for war veterans.

 This being an action at law, and Congress not having evidenced any purpose to deny the right to jury trial, I hold, despite Burke v. U. S., supra, that it still exists.

A jury trial will be awarded unless the parties waive it in writing or in open Court as provided in Rule 39(a).

The Clerk will notify counsel.

---

1. Former section 762 of Title 28 is now Section 1402; former section 763 is now Section 507 and in part is found in Rules 4(d), 12(a) and 55(e), F.R.C.P.; former Section 765 is now Section 2411.

2. The only portion of 28 U.S.C.A. § 1346 possibly applicable is as follows:
"§ 1346. *United States as defendant*
"(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

"(1) * * *;

"(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."